No. 2411

Second Circuit Appeal

STATE, EX REL., COLONEL JACKSON v. E. P. MILLS, JUDGE, ETC.

(June 23, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Landlord and Tenant Par. 121.**

Under Revised Statutes, Article 2157, the right of the defendant to a suspensive appeal in an ejectment proceeding depends, not on the defense as proven, but solely on the defense as set up. It is only when a proper defense is set up which, in the opinion of the trial judge, is not proven, that a suspensive appeal by a tenant is both permissible and necessary.

2. **Louisiana Digest—Pleading—Par. 112, 113.**

In a suit by a landlord to eject a tenant where the proof shows the relation of landlord and tenant, the defendant cannot set up any title to the property while he is occupying it as a tenant.

This is an application for a mandamus to compel the District Judge to grant relator a suspensive appeal from a judgment rendered in favor of Florsheim Brothers Dry Goods Company, Limited, in a suit brought by it to eject relator from certain premises alleged to have been leased by it to him for the year beginning November 1, 1923, and ending October 31, 1924. The alternative writ of mandamus herein issued is recalled and plaintiff's application rejected.

George Thurber, of Shreveport, attorney for plaintiff.

Judge E. P. Mills, of Shreveport, defendant.

CARVER, J. This is an application for a mandamus to compel the District Judge to grant relator a suspensive appeal from a judgment rendered in favor of Florsheim Brothers Dry Goods Company, Limited, in a suit brought by it to eject relator from certain premises alleged to have been leased by it to him for the year beginning November 1, 1923, and ending October 31, 1924.

In answer to the rule to show cause why a mandamus should not issue, the District Judge returns that he refused a suspensive appeal because the defendant in the ejectment suit did not set up a special defense as required by Section 2157 of the Revised Statutes or make the affidavit required by that section.

The District Judge also says that in his opinion:

"The plaintiff established the essentials of its case beyond all question and that your respondent found under the evidence that the defendant was a tenant of plaintiff; that the lease had terminated; that notice to vacate had been given according to law and that defendant had failed to deliver the premises and that your respondent regarded the allegations of Article 10 as being simply an elaboration or enlargement of defendant's denial of his tenancy, about which there was no doubt in the mind of your respondent."

The defense set up by relator in the ejectment suit was as follows:

10.

"Further answering, defendant shows the court that in the tract of land mentioned in paragraph 3 of the petition there are 270 acres more or less; that the same is a part of a tract of 400 acres more or less, all in one body, and all under one fence, which has been in the possession of defendant and his four brothers and sisters as owners thereof for more than two years; that it has been in possession of defendant and his said brothers and sisters and their father as owners for about nine years, prior to the said two years, and that it was in possession of his father as owner during the lifetime of his mother for many years prior to the nine years mentioned, and is now in possession of your petitioner and his brothers and sisters aforesaid as owners.

### 11.

"Further answering, defendant shows the court that he has lived on said property all his life; that some years back the said plaintiffs, or some one on their name, made demand of his father for the said property or part of it, and his father refused to recognize their rights in any way. Defendant shows that he and his family aforesaid are negroes of little education, and that he agreed to pay to Florsheim Brothers a nominal sum merely for the purpose of avoiding trouble with white people, and did not enter into a lease or intend to do so, nor did he recognize the right of the said Florsheim Brothers or any one else that they were owners of any of the said 400-acre tract of land."

Revised Statutes, 2157, reads as follows:

"No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain possession of the premises, and unless, further, he give bond with good and sufficient security for such damages as the appellee may sustain."

### OPINION

### I.

The right of a defendant to a suspensive appeal does not, we think, depend to any extent on the opinion of the District Judge as to the merits of the case.

That right, so far as it depends on the defense, is so dependent not · on the defense as proven but solely on the defense as set up.

If suspensive appeals were only allowable when the defense of a tenant was proven, it would never be allowed at all because if the defense set up were a good defense and were proven, then the defendant would be given judgment in the lower court and would not have to appeal.

It is only when a proper defense is set up which, in the opinion of the trial judge, is not proven that a suspensive appeal by a tenant is both permissible and necessary.

### II.

We express no opinion as to whether relator should be denied that right to a suspensive appeal merely because he failed to make affidavit that the facts set up by him and sworn to as true entitled him to such appeal if the facts so set up and sworn to did in our opinion so entitle him.

### III.

But we think the facts set up and the defense made in the ejectment suit by relator did not entitle him to a suspensive appeal, and upon this ground we think the judge correctly refused to permit such appeal. In the opinion of the District Judge the defense was a mere elaboration or enlargement of defendant's denial of his tenancy. We express no opinion as to whether relator would have been entitled to a suspensive appeal if we regarded his answer in the ejectment suit as really a denial of the tenancy as did the District Judge. We do not so regard it, though. In the ejectment suit plaintiff alleged in paragraph 4:

"That your petitioner verbally leased said property to said defendant during the year 1923 for a term beginning November 1, 1923, and expiring October 31, 1924, for an annual rental of $100.00, payable November 1, 1924."

Relator's answer to this was:

"The allegations of this paragraph are denied insofar as they refer to the sum of $100.00 being rental under a lease. Defendant shows that the said sum amounts to less than 40c per acre."

In paragraph 11, as shown above, he states that he agreed to pay $100.00,

"merely for the purpose of avoiding trouble with white people, and did not enter into a lease or intend to do so, nor did he recognize the right of the said Florsheim Brothers or anyone else that they were owners of any of the said 400-acre tract of land."

Relator did not say what trouble was threatened, and we think it fair to infer that the only trouble was a fear that plaintiff in the ejectment suit would sue him for the property.

The allegations as a whole amount, we think, to an admission that he agreed to pay Florsheim Brothers Dry Goods Company, Limited, $100.00 for the privilege of occupying the premises for a period of one year undisturbed by them. His further statement that he did not intend to enter into a lease or to recognize its title did not detract from the force of the fact that in so promising he did recognize its title and did become its tenant. By such agreement he induced them to hold off from suing. When confronted with the necessity of giving up the property, standing suit about it or paying for the privilege of further occupying it, he deliberately chose the last of the three alternatives. This choice was in fact and in law a recognition of his adversary's title and made him his adversary's tenant, with the legal effect that he could not dispute that title while keeping the property.

We do not mean to imply that if relator has any title to the property (which, however, he does not set up), he is estopped from asserting it in a proper proceeding; but we hold that he cannot do so while occupying it as a tenant.

For these reasons the alternative writ of mandamus herein issued is recalled and plaintiff's application rejected.