## JACKSON v. MUSE.

### No. 2022.

Court of Appeal of Louisiana. First Circuit.

June 30, 1939.

Reid & Reid, of Hammond, for appellant.

F. Nicholls Pugh, of Springville, for appellee.

OTT, Judge.

The plaintiff alleges that he leased to the defendant a certain piece of real estate in the town of Denham Springs for a period of one year, beginning on the 30th day of January, 1939, and expiring on the 30th day of January, 1940; said lease being for a weekly rental of $7, payable every two weeks, all in accordance with the lease which is annexed to and made part of the petition. It is further alleged that the defendant failed to pay the rent which fell due on April 26, 1939, and plaintiff thereupon terminated the lease and gave the defendant notice to vacate the premises in accordance with law.

The prayer is for an annulment of the lease, for judgment against the defendant for the amount due during the time defendant has possession of the premises, and for a rule to issue against the defendant to show cause why he should not surrender possession of the premises to plaintiff immediately. The rule issued and was made returnable on May 24, 1939.

On the return date of the rule, the defendant filed an exception of no cause or right of action, which exception was sustained and the suit dismissed. Plaintiff has appealed.

No written reasons were given by the trial judge for sustaining the exception but we are informed in the brief of appellant's counsel that the reason the exception of no cause or right of action was sustained was because the plaintiff failed to set out a title in himself to the property from which he is attempting to eject the defendant. We find no brief in the record for appellee.

As the allegations of fact in the petition must be taken as true for the purpose of the exception, the plaintiff and the defendant sustained the relation of lessor and lessee toward each other. A lessee cannot dispute the title of the lessor to the property which he holds as lessee, nor can he raise the question of title so long as he possesses the property as lessee. Federal Land Bank of N. O. v. Spencer, La.App., 160 So. 175; Harvin v. Blackman et al., 112 La. 24, 36 So. 213, and State ex rel. Jackson v. Mills, 2 La.App. 425.

In the very lease which defendant signed, and which is the basis of the suit, the plaintiff is stated to be the owner of the property, and the defendant thereby recognized the ownership of the property in plaintiff. So that the defendant has recognized plaintiff's ownership of the property in two ways: First, by leasing it from plaintiff as owner, and second, by signing a lease which itself states that plaintiff is the owner of the property.

We find no merit whatever in the exception, and for the reasons stated, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered that the exception of no cause or right of action be overruled and the case remanded to be proceeded with according to law; defendant and appellee to pay the cost of the appeal, and all other cost to await the final termination of the cause.