HEARD, Judge.
This is a suit for partition by licitation by Doris F. Ratliff, Administratrix of the Succession of Howard F. Ratliff, against R. O. Roy, Robert A. Roy and Corinne Roy Kelly.
Doris Ratliff alleged that at the time of his death Howard Ratliff was the owner of an undivided three-fourths interest in forty acres of land located in Caddo Parish. She further alleged that the remaining one-fourth interest was owned by defendants in the following proportions: R. O. Roy, an undivided one-eighth; Robert A. Roy, an undivided one-sixteenth; and *172 Corinne Roy Kelly, an undivided one-sixteenth. She asks for a partition by licitation of the aforementioned property.
Appellants filed an exception of no right of action and a plea of ten years acquisitive prescription. These exceptions were ultimately referred to the merits. Appellants’ answer was a general denial.
After trial, judgment was rendered in favor of Doris Ratliff declaring the property in dispute was owned in the proportions which she alleged, and that it be partitioned by licitation. Defendants perfected a devolutive appeal from this judgment and plaintiff answered the appeal praying, inter alia, for damages of $1,000 for frivolous appeal.
Appellants argue that they have met the requirements of acquisitive prescription of ten years and are the owners of the entire tract in dispute. LSA-C.C. Art. 3474 provides :
“Immovables are prescribed for by ten years, when the possessor has been in good faith and held by a just title during that time.”
LSA-C.C. Art. 3436 provides:
“To be able to acquire possession of property, two distinct things are requisite : 1. The intention of possessing as owner. 2. The corporeal possession of the thing.”
LSA-C.C. Art. 3428 provides:
“Natural possession is that by which a man detains a thing corporeally, as by occupying a house, cultivating ground, or retaining a movable in possession.”
Pretermitting a discussion of defendants’ good faith or just title, we shall consider whether or not they were possessors of the property in dispute. R. O. Roy testified that after he received a deed to the forty acres, he “. . . got ready to fence the forty;” that he “. . . made a walkway or a workway about four feet wide . . . around that forty acres”; and that he had a man “. . . walk on this forty acres every day except Sunday.”
Lonnie Evans testified that he worked for Mr. Roy and that he started walking the boundary of this forty acres “. in 1958 and walked until 1967.” He did this for six days a week he testified.
Weyland E. Morgan, Ratliff’s brother-in-law, testified that he never observed these walkways on the boundary line.
T. Larry Bryan, Ratliff’s prior lessee, testified that he never observed the walkways.
The trial judge apparently did not accept defendants’ testimony that these walkways were constructed. It cannot be denied that the testimony is directly conflicting, and for this reason we do not feel that the Roys have proved corporeal possession of the property in dispute. Consequently, we need not pass on the issue of good faith or just title.
Doris Ratliff has asked for damages for frivolous appeal. LSA-C.C.P. Art. 2164 provides:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal
Damages for frivolous appeal are not allowable unless the appeal was taken solely for delay or counsel for appellant did not sincerely believe his position had merit. Eagle Finance Corporation v. Duhon, La.App., 216 So.2d 367 (3d Cir. 1968); Motion Picture Advertising Corporation v. Smith, La.App., 207 So.2d 847 (1st Cir. 1968).
Appellee has not shown that this is a proper case to award damages for frivolous appeal. The issue on appeal is primarily one of fact. Even though we believe the trial judge decided the question of fact properly, it would not be unusual for courts to disagree concerning conflict *173 ing testimony. Appellants wrote a brief outlining the applicable law and attempting to present the facts most favorably to them. We believe there was genuine effort to win a reversal and reject plaintiff’s demand for damages for frivolous appeal.
For the reasons stated, the judgment is affirmed with costs to be borne by appellants.