PONDER, Judge.
This is a suit for declaratory judgment on an alleged contract for architectural services. The lower court held that the contract was binding on the State of Louisiana. Defendants, the Governor of the State of Louisiana and the Division of Administration, have appealed.
Appellants allege the following as their specifications of error:
1. The trial judge erred in determining that a valid and binding contract was entered into between the parties on January 10, 1973.
2. The trial judge erred in not ruling that appellee failed to comply with the requirements of R.S. 38:2220. (execution of the non-collusion affidavit).
3. The trial judge erred in determining the requisites of a valid and binding contract had been fulfilled under Article 1779 of the Civil Code.
We affirm.
Shortly after the death of Senator Ellen-der, various state officials began to discuss the possibility of constructing a memorial library. Appellee, who was and is a licensed architect in this state, became aware of the plans and made known his desire to be appointed principal architect for the structure.
On January 10,1973, with the approval of Governor Edwards, Mr. Robert Baskin, director of the Capital Outlay Budget Board, wrote appellee that he had been “selected” as architect for the project. Because the legislature had not appropriated any money for the project and no other type of funding had been obtained, appellee’s commission was predicated on subsequent availability of funds. After receipt of this letter, appel-lee wrote acknowledging receipt of the appointment and began certain preliminary work.
The legislature passed Act 823 of 1975 appropriating the money for the project. Mr. Edward Land, assistant director of the Facility Planning and Control Department of the Governor’s office, on August 5, 1975, mailed a contract to appellee, who signed it as prepared, as well as an affidavit of non-collusion, the latter required by the provisions of La.R.S. 38:2220. These documents were returned on August 8, 1975.
Mr. Land forwarded the contract to the contract review section of the Division of Administration. Mr. James H. Clinton, director of this department, then signed the contract on October 29, 1975.
The legislature, also in 1975, passed Act 721, which became effective September 12, 1975. Among other things, the act requires that architects to be retained or employed by a state agency shall be selected by the Architects Selection Board. The Attorney General ruled that the Segura contract was a nullity and plaintiff filed suit.
The trial judge, in his oral reasons for judgment, found that a contract was entered into between Mr. Segura and the State of Louisiana in January, 1973. He *371 determined that the contract was one based on the suspensive condition that funds become available for the project. The formal written contract was merely a memorial of the prior agreement.
ERRORS NUMBER ONE AND THREE
There are some cases which hold that if parties understand that their contract is to be reduced to writing, the reduction to writing is necessary to the perfection of the contract, whether all terms of the contract have been verbally agreed to or not. Evans v. Dudley Lumber Co., 164 La. 472, 114 So. 101 (1920); Sterkx v. Gravity Drainage District No. 1 of Rapides Parish, 214 So.2d 552 (La.App. 3rd Cir. 1968); Van Way v. Communications Broadcasting, Inc., 228 So.2d 175 (La.App. 3rd Cir. 1969).
Some cases have held that a verbal agreement is a binding contract, even when a writing is contemplated, unless there is a specific understanding that neither party will be bound until the agreement is reduced to writing and executed. Laroussini v. Werlein, 52 La.Ann. 424, 27 So. 89 (1899); Montague v. Weil & Bros., 30 La.Ann. 50 (1878); Johnson v. Williams, 178 La. 891, 152 So. 556 (1934).
Still other cases have stated that when the agreement to reduce to writing is made part of the original bargain, there is no binding contract until the execution of the writing; but when made subsequent to a complete verbal contract, the execution of the writing is immaterial to the existence of a binding contract. Fredericks v. Fasnacht, 30 La.Ann. 117 (1878); Breaux Brothers Construction Co. v. Associated Contractors, Inc., 226 La. 720, 77 So.2d 17 (1954).
We conclude that, if the facts of the case reveal that the parties did not intend to be bound until the execution of a written document, no contract can exist until that event takes place. However, even when a written document is contemplated, if the parties intend to be bound by their original verbal agreement, then a contract subsists from that time, and the writing, if executed, is a memorial of that agreement. See Litvinoff, Offer and Acceptance in Louisiana Law: A Comparative Analysis, 28 La.L.Rev. 1, 9 (1967); The Work of the Louisiana Supreme Court for the 1954-1955 Term, Smith, Conventional Obligations, 16 La.L.Rev. 237, 238 (1956).
We therefore need to determine the intent of the parties as of January, 1973. The trial court found that they intended to bind themselves as of that date. The testimony of Governor Edwards and of plaintiff is to that effect. Even though there are circumstances that might have led to an opposite conclusion, we cannot say that the trial court manifestly erred in its acceptance of this line of testimony.
Under those circumstances, we are of the opinion that there was a binding contract between plaintiff and the State of Louisiana as of the date on which Mr. Segu-ra accepted his selection as architect for the Ellender Memorial Library.
ERROR NUMBER TWO
Defendants also urge that the contract is void because of non-compliance by plaintiff with the provisions of R.S. 38:2220. This section provides that no contract for architectural services shall be awarded to one who refuses to sign the affidavit required thereby. There is no merit to the contention. Plaintiff signed the affidavit as soon as it was sent to him, on August 8, 1975, and never refused to do so.
Plaintiff has answered this appeal asking for $15,000.00 in damages for defendants’ frivolous appeal. Damages for frivolous appeal are not allowable unless the appeal is taken solely for delay or counsel for the appellant did not sincerely believe his position had merit. Ratliff v. Roy, 260 So.2d 171 (La.App. 2nd Cir. 1972). This case involved a substantial legal question; therefore, the claim for damages has no merit.
The judgment appealed from is therefore affirmed. The State shall pay whatever costs it may be responsible for under the law.
AFFIRMED.