GULOTTA, Judge.
Stephen Ghergich, Jr., a sub-lessee of a bar and lounge located on the premises 13001 Chef Menteur Hwy., New Orleans, appeals from a judgment of eviction ordering him to vacate the premises.
In seeking to set aside the eviction, sub-lessee (relying on LSA-C.C.P. arts. 4701 and 4702[1] claims movers in the rule for eviction are neither owners, agents nor lessors and are not the proper parties to bring the eviction proceeding. Ghergich further claims that because neither personal nor domiciliary service of the notice to vacate was made on him, the exception of insufficiency of service of process was erroneously dismissed by the trial judge. According to Ghergich, the premises had been neither abandoned nor closed and his whereabouts were known to mover. Under the circumstances, Ghergich claims tacking of notice on the door of the premises did not constitute proper service of process. LSA-C.C.P. art. 4703.[2]
At the outset before considering the merits we deny plaintiffs’ motion to dismiss the appeal. Plaintiffs claim that because of the untimely filing by appellant Ghergich of a suspensive appeal bond in an increased amount as ordered by the trial judge,[3] this court is without jurisdiction to hear the appeal.
Because a bond in the increased amount as ordered by the trial judge has not been timely filed by appellant,[4] we are compelled to dismiss the suspensive appeal. However, *1338 because the costs for this appeal have been paid, the appeal is viable as devolutive. See LSA-C.C.P. arts. 2124 and 2126.
Now turning to a consideration of the merits of the appeal, we find merit in defendant’s exception of lack of procedural capacity. Plaintiffs were not the proper parties to bring the rule for eviction.
LSA-C.C.P. arts. 4701, 4702 and 4703 require that the proper party to bring the eviction proceedings is either the owner, his agent, or the lessor. The allegations in the rule to vacate filed by plaintiffs are that they “were the owners and vendors . .” (emphasis ours.)[5] On the hearing of the rule to vacate plaintiffs sought by instanter amendment to amend the rule to indicate that the Kavalarys, as agents, were acting with full knowledge and consent of the owner, Houston M. Wisenbaker, Jr. The motion to amend was denied. Nevertheless, the trial judge, over the objection of the attorney for Ghergich, permitted plaintiffs the opportunity of showing, through the testimony of Robert C. Lewis, an employee of Wisenbaker, the existence of an agency relationship between the Kavalarys and Wisenbaker. This hearsay testimony is as follows:
Question: “Do you know whether or not for a fact, Mr. Wisenbaker had the Kavalarys act as agents in connection with the Congress Inn property?”
Answer: “Yes, ma’am. I was told that by Mr. Wisenbaker.”
Lewis further testified:
Question: “Are either one of the Kava-larys on the payroll of Mr. Wisenbaker?”
Answer: “I’m sure they are. I really don’t know.*’
No additional evidence was offered to support the agency relationship.
Under the circumstances, we find little difficulty in concluding that plaintiffs have failed to show that they were “specifically authorized” as agents with procedural capacity to enforce the rights of the owner or principal. LSA-C.C.P. art. 694. Plaintiffs’ evidence of an agency relationship is less than clearly established. See Patrick v. Patrick, 230 So.2d 759 (La.App. 2nd Cir. 1970).
We conclude plaintiffs have failed to establish that they are the proper parties to bring the rule for eviction. The trial judge erred when he failed to maintain defendant’s exception of procedural capacity, or of no right of action.
Because of our conclusion it is unnecessary to consider defendant’s claim of insufficiency of service of process.
The judgment ordering defendant, Stephen Ghergich, Jr., to vacate and surrender the possession of the premises located at 13001 Chef Menteur Hwy. is reversed and set aside. Judgment is now rendered dismissing plaintiffs’ rule to vacate, at their cost.
REVERSED AND RENDERED.

. LSA-C.C.P. Arts. 4701 & 4702 reads as follows:
Art. 4701. Termination of lease; notice to vacate.
“When a lessee’s right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee . . .”
Art. 4702. Notice to occupant other than tenant to vacate.
“When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant. .
This notice shall allow the occupant five days from its delivery to vacate the premises.”

. LSA-C.C.P. Art. 4703 reads as follows:
Art. 4703. Delivery or service when premises abandoned or closed, or whereabouts of tenant or occupant unknown.
“If the premises are abandoned or closed, or if the whereabouts of the lessee or occupant is unknown, all notices, process, pleadings, and orders required to be delivered or served on the lessee or occupant under this Title may be attached to a door of the premises, and this shall have the same effect as delivery to, or personal service on, the lessee or occupant.”

. The trial judge on 15th day of November 1977 ordered a suspensive appeal bond to be posted in the sum of $10,000. This bond was timely filed. Thereafter on October 17, 1978, pursuant to a rule to increase the amount of the suspen-sive appeal bond, the court ordered the appeal bond be increased to $20,000. A bond in the increased amount has not been timely posted.

. The October 17, 1978 judgment increasing the amount of the bond permitted defendant ten (10) days within which to file the additional security. On November 24, 1978 defendant’s motion for a new trial was denied. A bond in the increased amount had not been filed within ten days, allowed by the trial judge, from October 17, 1978 for the posting of the bond or within four (4) days as provided by LSA-C.C.P. article 5124.

. The rule to vacate was filed on October 24, 1977 and the property had been sold by the Kavalarys to Wisenbaker on July 1, 1977. Although the sale was dated July 1, the act obviously was not passed until September, 1977.