MARVIN, Judge.
In these consolidated actions, each defendant lessee of a common lessor appeals a judgment evicting him from property he once leased. We affirm.
Each appellant contends that the trial court erred in overruling his exception of no cause of action. Each exception is based on the failure of the petition to allege that the plaintiff, John B. Anderson, d/b/a Palo-ma Ranch, La. Div., is the owner of the property, when the lease attached to plaintiff’s petition shows the lessor as Paloma Ranch La. Div. and is signed by Randy Schares, Paloma Ranch, as landlord, and by each defendant as tenant. The lease is on a printed form entitled CROP-SHARE-CASH FARM LEASE. When considered under the lease provisions of the Louisiana Civil Code, this contract establishes a lessor-lessee relationship for a term and for a minimum price per acre.
*916 The allegations of plaintiff’s petitions fully conform to the requirements of law, including the provisions relating to eviction of lessees, CCP Arts. 4701-4735.
Ownership of the leased premises is not an issue when the lessor seeks to evict one who possesses as lessee. A lessor may be someone other than an owner. CC Arts. 2681, 2682. Jackson v. Muse, 190 So. 162 (La.App. 1st Cir.1939) and cases cited therein. All that is necessary to maintain eviction is for the lessor to allege and show that a lessee’s right of occupancy has ceased because of the termination of the lease, that the lessor wishes to obtain possession, and that the lessee has failed to comply with the required notice to vacate. CCP Arts. 4701, 4731.
At the trial on the merits, Schares testified that he was employed by Anderson, d/b/a Paloma Ranch, to manage and lease the property for Anderson and that he entered into the lease with each defendant as a part of his duties. Each defendant admitted possessing under the lease and receiving notice of termination and to vacate. Schares’ testimony was clearly admissible as he was testifying on behalf of the plaintiff in the action who was his principal. Reliance on Patrick v. Patrick, 230 So.2d 759 (La.App. 2d Cir.1970), is misplaced because Schares was not testifying against his principal. Patrick held that statements of an alleged agent are inadmissible to prove the fact of the agency where the statements of the alleged agent are sought to be used against the alleged principal. Similarly, Kavalary v. Hansen, 367 So.2d 1336 (La.App. 4th Cir.1979), does not avail appellants because Kavalary was suing in his own name as agent and had the burden of proving his procedural capacity.
We have held that each appellant was a lessee. The fact that they might also be characterized as occupants and as sharecroppers, as appellants argue, does not change the result. CC Art. 2671. Appellants occupied or sharecropped the respective property as lessees under the terms of a written lease and are subject to the provisions of the eviction laws of this state. These laws authorize summary proceedings for eviction of a lessee. Appellants’ argument that a petitory action, and not a summary proceeding, was the “proper” remedy for plaintiff, does not deserve our further consideration. Appellants were not possessing as co-owners of the property with plaintiff, but again were mere lessees who do not come within the rule regarding eviction of co-owners stated in Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir.1981).
At the cost of each appellant, judgment in each action is AFFIRMED.