KLEES, Judge.
This appeal stems from an eviction proceeding in Second City Court which result *10 ed in appellant being ordered to vacate certain premises owned by appellee. Appellant has failed to assert, either in her brief or her petition, any specific grounds for appeal. Appellee contends that because appellant has not specified any errors on the part of the trial court, the appeal is frivolous.
Our review of the record discloses no errors made by the trial court. The law holds that when an appeal is taken solely for purposes of delay, or when counsel for the appellant does not seriously believe in the merits of appellant’s position, the appeal is frivolous. Ratliff v. Roy, 260 So.2d 171 (La.App. 2nd Cir.1972). Article 2164 of the Code of Civil Procedure empowers us to award damages for frivolous appeal.
In this case, we cannot say that counsel for appellant sincerely believed in the merits of his position when he filed this appeal. The appeal was originally styled as a suspensive one. However, upon motion of appellee, we dismissed the suspen-sive appeal because appellant had failed to meet the requirements for it, and maintained the case as a devolutive appeal. The fact that the appeal was originally lodged as a suspensive one indicates that its primary purpose may have been to delay the eviction. This fact, combined with appellant’s failure, once the appeal was made devolutive, to discuss any substantive issues in his brief convinces us that the appeal was not taken in good faith. The sole issue addressed in appellant’s brief is whether or not the appeal is frivolous as claimed by appellee. There is no mention of any substantive ground for appeal.
In Ecopur, Inc. v. C.E. McCloud, 432 So.2d 380 (La.App. 1st Cir.1983), our colleagues on the First Circuit stated: “Since appellant has not filed a brief specifiying any error, it is difficult for us to find that he seriously believed in the merits of his position.” 432 So.2d at 381. In our view, the instant case fits the same mold.
Accordingly, we find that the appeal is frivolous and that the appellee is entitled to reasonable damages such as we are empowered to award under Code of Civil Procedure article 2164. Reasonable damages should include loss of rent from December 5, 1985 (the date by which appellant was ordered to vacate the premises under the trial court’s judgment) until the date the premises were actually vacated (which ap-pellee alleges to be Feb. 16, 1986), court costs for the appeal, and reasonable attorney’s fees. Because the record does not contain sufficient evidence upon which to base such an award, we remand this case to the trial court with instructions to assess the extent of those damages.
Therefore, for the reasons stated, this case is remanded to the Second City Court for the City of New Orleans for action in accordance with this opinion.
REMANDED.