546 So.2d 325 (1989)
LOUISIANA HOME BUILDERS, INC., Plaintiff-Appellee,
v.
Loretta Z. FONTENOT, Defendant-Appellant.
No. 88-387.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*326 Blake Deshotels, Mamou, for plaintiff-appellee.
Jarvis J. Claiborne, Opelousas, for defendant-appellant.
Before DOMENGEAUX, LABORDE and KING, JJ.
LABORDE, Judge.
This is an eviction suit. Plaintiff, Louisiana Home Builders, Inc., (Louisiana Home), filed a rule to evict defendant, Loretta Z. Fontenot on February 8, 1988. The rule was amended on February 25, 1988. A hearing on the rule was held before the City Court of Opelousas on March 2, 1988. The trial court signed a judgment ordering defendant's eviction and delivery of possession of the premises to the plaintiff by March 11, 1988. From this judgment, defendant attempted to appeal suspensively. This court dismissed the suspensive appeal because defendant failed to post the suspensive bond timely and to answer the rule under oath pursuant to LSA-C.C.P. art. 4735. However, since the appeal was timely, it was maintained as a devolutive appeal, 525 So.2d 1170 (1988). We amend the trial court's judgment to grant an award for frivolous appeal to the plaintiff and affirm as amended.
Defendant began occupying the property in question as a result of an agreement between defendant's former husband, Ray A. Fontenot, and Louisiana Home. Before his marriage to defendant, Mr. Fontenot entered into a buy and sell agreement with Louisiana Home to purchase the property. The couple subsequently separated and defendant's husband moved out of the house and relinquished the rights he had to purchasing the property.[1] On November 18, 1987, Louisiana Home sent defendant a letter demanding that she vacate the premises. On December 16, 1987, Louisiana Home instituted an eviction suit which was dismissed because Louisiana Home had retained possession of defendant's December rental payment. Thereafter, on January 19, 1988, defendant received another notice *327 to vacate and subsequently, the instant action was commenced.
On appeal, defendant argues that the trial court erred when it refused to examine the issue of defendant's possible title to the property. We disagree. The trial court did not err in the manner in which it handled this eviction proceeding. As stated by the Second Circuit in Rankin v. Garland, 392 So.2d 182, 183 (La.App. 2nd Cir.1980):
"The C.C.P. articles on eviction were designed to give an owner of immovable property (C.C.P. 4702) summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. C.C.P. 4702. See Skannal v. Jones, 384 So.2d 494 (La.App.2d Cir. 1980); Todt v. Santani, 167 So.2d 475 (La.App. 4th Cir.1964). C.C.P. 4705 expressly states that the eviction procedure shall not be construed to conflict with the articles relating to actions to determine ownership or possession (C.C.P. 3651-3664)."
At the hearing held on March 2, 1988, it was clearly established that Louisiana Home owned the property in question. Defendant did not produce any credible evidence putting ownership at issue. Louisiana Home's property manager, C.J. Bogard, testified at trial that the property in question was still for sale. Clearly, defendant failed to prove for purposes of the eviction proceeding that she possessed under a semblance of title.
As defendant was a mere lessee, plaintiff was entitled to use the Code of Civil Procedure articles on eviction. In order to maintain an eviction the lessor must allege and show that a lessee's right of occupancy has ceased because of the termination of the lease, that the lessor wishes to obtain possession, and that the lessee has failed to comply with the required notice to vacate. Anderson v. Miller, 440 So.2d 915 (La.App. 2nd Cir.1983). In the absence of a lease with a fixed term, LSA-C.C. art. 2685 provides that the lease is considered to have been made by the month. For either party to terminate such a lease, that party must provide the other with written notice at least ten days before the expiration of the month which has begun to run. LSA-C.C. art. 2686. Thus, any notice in writing clearly indicating to a month to month tenant that the lessor desires to end the lease and obtain possession is sufficient, as long as the notice is received ten or more days before the end of the monthly term. Ogden v. John Jay Esthetic Salons, Inc., 470 So.2d 521 (La. App. 1st Cir.1985).
In the instant case, plaintiff introduced evidence to show the lessor-lessee relationship and the existence of a verbal rental agreement between the parties. By letter dated January 19, 1988, plaintiff provided defendant with adequate written notice of plaintiff's intention to take possession of the premises in order to sell it. This letter clearly met the requirements of LSA-C.C. art. 2686 as well as LSA-C.C.P. art. 4701 which also governs such notice.[2] Accordingly, the trial judge properly ordered the defendant to vacate the premises by March 11, 1988.
In its answer to defendant's appeal, plaintiff alleges that the appeal is frivolous and seeks damages of $1,500.00 in attorney's fees. Under LSA-C.C.P. art. 2164, we have the authority to award such damages when there are no serious legal questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983).
In the instant case, the appeal was originally lodged as a suspensive appeal. However, the defendant failed to meet the requirements for a suspensive appeal. Thus, this court dismissed the suspensive appeal and determined that defendant was entitled to a devolutive appeal. In a similar case, Arnona v. Arnona, 497 So.2d 9 (La.App.
*328 4th Cir.1986), the court found the appeal was frivolous, entitling the landlord to reasonable damages. The court stated that:
"The fact that the appeal was originally lodged as a suspensive one indicates that its primary purpose may have been to delay the eviction. This fact, combined with appellant's failure, once the appeal was made devolutive, to discuss any substantive issues in his brief convinces us that the appeal was not taken in good faith."
Id. at 10.
Similarly, in this case, after a full review of the evidence, we cannot say that defendant sincerely believed in the merits of her position when filing this appeal. Although she asserted two errors committed by the trial court, defendant never presented a serious argument to support her position. We therefore find defendant's appeal frivolous and award plaintiff damages in the sum of $1,500.00.
Therefore, it is ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant in the sum of $1,500.00 together with legal interest thereon from the date of this judgment until paid, as damages for frivolous appeal.
The judgment of the trial court is affirmed as amended at defendant's costs.
AFFIRMED AS AMENDED.
NOTES
[1] Over objection of defendant's counsel, plaintiffs introduced into the record, the document signed by defendant's husband on November 6, 1987, relinquishing all rights and interest from the buy and sell agreement.
[2] In so finding, we reject defendant's argument that her practice of making rental payments in the middle of the month, altered the original verbal agreement that the rental period ran from the first to the first of each month.