SCHOTT, Chief Judge.
This is a suit by the vendor of equipment, Intersystems, against the purchaser, HNV, for the purchase price. HNV claimed the parties entered into a contract to rescind the sale. From a judgment in favor of HNV, Intersystems has appealed. The issue is whether a telefaxed unsigned document constituted an offer binding on Intersystems when the document itself stipulated that the document had to be signed in order for it to be binding.
Early in 1988, Intersystems sold and delivered to HNV grain handling equipment for the price of $46,738.84. HNV discovered that it was unable to use the equipment because of federal regulations and it began to experience serious financial difficulties. This prompted HNV to initiate discussions with Intersystems about returning the equipment and rescinding the sale. Inter-systems had concerns about repossessing the equipment for three reasons: first, because the equipment may have become impressed with a lien in favor of a major creditor of HNV; second, because HNV faced the possibility of bankruptcy which might preclude repossession by Intersys-tems; and, third, there would be considerable costs involved in shipping the equipment back to Intersystems.
Following meetings and discussions between the parties and consultation between Intersystems’ principals and attorneys, on April 5, 1988, Intersystems’ vice-president telefaxed to HNV a document entitled “Release” and providing for 1) the return of the equipment and 2) the release of HNV with the stipulation that the agreement would be nullified in the event of an assertion of a lien by a third party or a bankruptcy proceeding which would avoid the transfer. The document concluded with the following paragraph:
*12544 — Execution of this Agreement by signature of a party’s representative signifies that approval has been granted by the appropriate authority of that party, that the signatory is authorized to enter into this Agreement on that party’s behalf, and that this Agreement shall be binding upon each of the parties hereto.
There followed signature lines for representatives of Intersystems and HNV and for two witnesses for each signature. The unsigned document was sent under a cover sheet which contained the following comment: “Here is the agreement. You can reach me at office 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 or home 402-896-2630 this evening.”
The next day, after consulting with and getting approval from HNV’s attorneys, its representative, Bud Viator, signed the document and telefaxed it back to Intersys-tems. According to Viator when he heard nothing from Intersystems he assumed they had a contract and proceeded with the dismantling of the equipment at a cost of $3,000.
On June 1, 1988, a meeting took place among Viator, HNV’s business manager, its local attorney and two local attorneys for Intersystems, Stephen Dwyer and Susan Cambre. According to Viator there was no question about an agreement having been struck and the meeting’s purpose was to discuss the storage of the equipment. Dwyer and Cambre testified that there was no agreement, Intersystems was still concerned about liens and HNV’s possible bankruptcy, and the meeting’s purpose was to conduct further negotiations.
The case was tried to a commissioner of the Civil District Court pursuant to LSA-R.S. 13:1171, now repealed by Act 8 of 1990, and his report and recommended judgment were made the judgment of the trial court. He found that the faxed, unsigned document was a offer by Intersys-tems, and, when Viator signed and returned the document, it became a binding contract. He also attached significance to the “fact that Intersystems remained silent and inactive for nearly two months after HNV had transmitted its acceptance....” He made no negative credibility call with respect to the Intersystems’ two attorneys’ version of the June 1, 1988 meeting.
In this court Intersystems assigns a number of errors, including an error of law by the trial court in finding that a binding contract was confected where the proposed agreement itself required that the agreement be executed by the parties in order to be binding. Because this assignment has merit and is dispositive of the case the other issues need not be addressed.
The trial court found that paragraph 4 requiring signatures by the parties was ambiguous and it labored over the word “signifies” as being unclear. In this respect the trial court’s judgment is palpably erroneous. The words of paragraph 4 could hardly be clearer. To be binding on Intersystems this document must be signed by its representative. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the party’s intent. C.C. art. 2046. By failing to follow this rule the trial court committed reversible error. See also C.C. art. 1947.
The trial court erred further in finding that its position was supported by Le Triomphe Partnership v. Dorbandt, 527 So.2d 1176 (La.App. 3rd Cir.1988) and Segura v. Louisiana Architects Selection Board, 340 So.2d 369 (La.App. 1st Cir. 1976), writ denied, 342 So.2d 676. In the Le Triomphe case the agreement plaintiff was attempting to enforce did not contain a provision like the one now under consideration requiring signatures of both parties in order to be binding. As for the Segura case it supports Intersystems’ position by recognizing that even a verbal agreement may be a binding contract unless there is an understanding that neither party will be bound until the agreement is reduced to writing and executed.
When Viator received the unsigned document which informed him it would not be binding on Intersystems until signed by its representative he had no reason at all to think that he could confect a contract simply by signing the document himself. He had no sound basis for construing Intersys-tems’ supposed silence as an acquiescence *1255in a contract which specifically had to be signed to be binding. Any supposed fault on Intersystems’ part because of its silence is at least counterbalanced by Viator’s fault for failing to make an inquiry with Intersystems’ before he acted upon this document never signed by Intersystems, but yet requiring its signature to be binding upon it.
Accordingly, the judgment appealed from is reversed, and there is judgment in favor of plaintiff, Intersystems Inc., and against defendant, H.N.V. Central River Front Corporation, in the sum of $46,738.84 with legal interest from date of judicial demand until paid and all costs of these proceedings.
REVERSED AND RENDERED.