JONES, Judge,
dissenting.
I respectfully dissent.
The majority found that the agreement between the parties was not binding since the proposed written agreement was never executed by anyone on behalf of Intersys-tems and the proposal itself required that it be executed by the parties in order to be binding. I disagree.
The Commissioner that heard this case made a valid distinction between an agreement of transaction or compromise and an agreement of dissolution; such as the one at issue here. The law does not prescribe a particular formality for an agreement to dissolve a contract of sale of a movable. La. C.C. article 1983. Evidence exists that Intersystems gave its consent to the contract of dissolution and that is the only requirement for dissolving this contract.
By relying on Segura v. Louisiana Architects Selection Bd., 340 So.2d 369 (La. App. 3d Cir.1976) writ denied 342 So.2d 676 (La.1977), the majority is obviously challenging the trial court’s findings of fact. Segura held that when a written document is contemplated, if the parties intend to be bound by their original verbal agreement, then a contract subsists from that time, and the writing, if executed, is a memorial of that agreement. The record supports the trial court’s determination that the parties intended to be bound by their verbal agreement to dissolve the contract. I would affirm the trial court’s judgment.