GUIDRY, Judge.
Plaintiff, Dorman E. Keele, appeals a judgment of the trial court maintaining exceptions of no cause of action filed by Pearl Domingue Stakes in suit number 83-3839, 15th Judicial District Court, and by the *1042 legal heirs and mother of Richard Stakes in suit number 87-6291, 15th Judicial District Court, our docket No. 91-437, 608 So.2d 1044, dismissing both suits, without prejudice at plaintiffs costs.[1]
Defendants, Pearl Domingue Stakes and the children of Richard Stakes, answered the appeals in the consolidated cases seeking damages, including attorney’s fees, for frivolous appeal pursuant to La.C.C.P. art. 2164.
We affirm the judgment of the trial court and award defendants $750 in damages plus $1,000 in attorney’s fees for prosecution by appellant of frivolous appeals.
PACTS
In February of 1983, plaintiff, D.E. Keele, and defendant, Richard Stakes, entered into a verbal agreement whereby they would begin an oilfield service operation to bore and clean oilfield pipe. Under their agreement, plaintiff was to furnish the necessary equipment and expertise and procure business from and through his extensive contacts in the oil industry. Defendant was to furnish the location to perform the work, facilities owned by R & P Instruments, Inc., a forklift, insurance and any labor required for their operations. The parties were to divide equally whatever amount was invoiced to their customers.
In March of 1983, Keele’s equipment was set up at Stakes’ location (R & P Instruments, Inc.) and operations began. The operation was immediately profitable. Invoicing was done through R & P Instruments, Inc., a mud-monitoring equipment rental corporation owned by Richard Stakes.
Shortly after operations began, plaintiff and Stakes began to have substantial differences over who would be in charge of the operation and who would control plaintiff’s tools and equipment. In May 1983, plaintiff filed a criminal complaint against Stakes for conversion of some of his tools. Stakes retaliated by forbidding plaintiff entry to the premises of R & P Instruments, Inc. where his tools and equipment were located.
On June 22,1983, plaintiff filed a sequestration action under Docket No. 83-3839 against Richard Stakes and R & P Instruments, Inc. Defendant, Richard Stakes, initially without bond, became the court appointed keeper of the sequestered equipment and later, on April 15, 1985, posted a $15,000 bond with Glenn Patch as surety.
Litigation was protracted and finally, after a hearing on February 21,1986, and the issuance of reasons for judgment on April 4, 1986, a judgment was signed on June 9, 1986, awarding Keele certain items of equipment listed in the judgment. This judgment named Richard Stakes and R & P Instruments, Inc. as defendants against whom judgment was rendered.
Richard Stakes continued to refuse to surrender the equipment awarded by that judgment and plaintiff was forced to seek a writ of possession, dated April 1, 1987, in order to obtain possession of his equipment. Upon execution of the writ of possession, Keele found that some of the listed equipment was missing and that the remaining equipment, still in possession of Richard Stakes, had been damaged and/or stripped of component parts and accessories such as to render same allegedly useless.
Subsequently, on September 23, 1987, Keele filed suit number 87-6291 seeking damages of $100,000 from Richard Stakes for missing and damaged equipment and $15,000 from Stakes’ surety, Glenn Patch.[2]
On August 18, 1988, Keele filed a rule for contempt against Richard and Pearl Stakes in suit number 83-3839 alleging these defendants to be in contempt of the trial court’s judgment of June 9, 1986.
On April 8, 1990, Richard Stakes died. Keele then sought to substitute Richard *1043 Stakes’ heirs and his mother, Agnes Hebert David, as parties defendant (La.C.C.P. art. 427) in suit number 87-6291. Keele also sought to proceed against Pearl Stakes on the rule for contempt filed in suit number 83-3839. The parties sought to be named defendants in suit number 87-6291 filed an exception of no cause of action. Pearl Stakes did likewise in response to the motion for contempt filed in suit number 83-3839. The exceptions were heard in one proceeding. Both exceptions were maintained and Keele’s demands against such parties were ordered dismissed without prejudice. This appeal followed.
THE CONTEMPT RULE
At the trial level and on appeal, plaintiff argues, in support of his rule for contempt against Pearl Stakes, in suit number 83-3839, that Richard and Pearl Stakes were the sole owners of R & P Instruments, Inc. and that Pearl “acted in concert with her husband in every phase of the business and in every action which caused damage to plaintiff-appellant”.[3]
The record does not support appellant’s allegations in this regard, however, in any event, these allegations are totally irrelevant to the issue presented. Pearl Do-mingue Stakes is not a party defendant in suit number 83-3839. A corporation is a distinct legal entity, separate from the individuals who comprise it. La.R.S. 12:93.
A judgment was rendered in this suit (docket number 83-3839) on June 9, 1986, against Richard Stakes and R & P Instruments, Inc. Subsequently, pursuant to that judgment, a writ of possession was issued at the request of Keele in May of 1987, directed to Richard Stakes and R & P Instruments, Inc. However, Keele filed a rule for contempt against Richard Stakes and Pearl Stakes claiming a contumacious failure and refusal of such parties to comply with the judgment of June 9, 1986, and the writ of possession issued pursuant thereto.
La.C.C.P. art. 224 provides that a constructive contempt of court occurs when a party wilfully disobeys “... any lawful judgment, order, mandate, writ, or process of the court ...”. Although named as a party defendant in the rule for contempt, Pearl was never named or cited as a party to the proceedings in suit number 83-3839. Pearl Stakes is not named in either the judgment of June 9, 1986 or the subsequent writ of possession issued pursuant to that judgment. Inasmuch as Pearl is not the subject of the judgment or order of the court dated June 9, 1986, she can not be held in constructive contempt of court for her refusal to comply with that judgment. Accordingly, the trial court did not err when it dismissed appellant’s rule for. contempt filed against Pearl Domingue Stakes.
THE ATTEMPTED SUBSTITUTION OF PARTIES
The suit filed under docket number 87-6291 is a suit for damages filed against Richard Stakes and Glenn Patch. When Patch was dismissed from the suit, only Richard Stakes remained as defendant. When Stakes died, plaintiff sought to substitute Stakes’ mother and his children as defendants. The record reflects that the succession of Richard Stakes has not been formally opened. The record does not reflect that the heirs have accepted the succession of Richard Stakes either expressly or tacitly nor has appellant sought to compel the heirs to elect whether they accept or renounce the succession. La.C.C. art. 1055.
La.C.C.P. art. 427 states:
“An action to enforce an obligation, if the obligor is dead, may be brought against the heirs, universal legatees, or legatees under universal title, who have accepted his succession, except as otherwise provided by law. The liability of these heirs and legatees is determined by the provisions of the Civil Code.” (Emphasis ours)
The provisions of our Civil Code make clear that an heir must accept the succession to which he is called before he becomes responsible for the debts of the succession.
*1044 The trial court correctly dismissed without prejudice appellant’s attempt to proceed against the mother and legal heirs of Richard Stakes to enforce the obligation allegedly due him by Richard Stakes, deceased.
FRIVOLOUS APPEAL
Appellees answered plaintiff’s appeal seeking damages for frivolous appeal. In State Farm Mutual Automobile Insurance Co. v. Callahan, 571 So.2d 852 (La. App. 3rd Cir.1990), writ denied, 576 So.2d 51 (La. 1991), a panel of this court stated:
“DAMAGES FOR FRIVOLOUS APPEAL
La.C.C.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. Under this article, we have the authority to award damages for a frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates. Louisiana Home Builders v. Fontenot, 546 So.2d 325 (La. App. 3d Cir.1989).”
In the case sub judice, we find no serious legal question raised on appeal. The record clearly shows that Pearl D. Stakes was not a party to the judgment which plaintiff sought to have her found in contempt. Further, there is no evidence in the record that Stakes’ heirs accepted, either with or without benefit of inventory, Richard Stakes’ succession, nor has appellant sought to compel an election by them in this regard. Considering the record and the issues raised on appeal, we find appel-lees’ prayer for damages for frivolous appeal well grounded. Accordingly, we award appellees $750 in damages plus $1,000 in attorney’s fees.
Accordingly, for the reasons stated, we affirm the judgment of the trial court. Further, judgment is rendered in favor of appellees and against plaintiff-appellant, D.E. Keele, in the sum of $1,750 together with legal interest on such sum from the date this judgment becomes final until paid. All costs of this appeal are assessed against plaintiff-appellant, Dorman E. Keele.
AFFIRMED.

. The suits were consolidated at the trial level and remain consolidated on appeal. We consider the issues raised in both suits in this opinion but render a separate decree in the companion appeal, which bears our docket number 91-437.

. Patch was later dismissed from the suit and is no longer a party to either suit.

. The record appears to reflect that R & P Instruments, Inc. is now defunct.