307 So.2d 644 (1974)
Marie Louise Gaye, wife of/and Adrast DUCOTE, Jr.
v.
Ciro P. CALLICO and Louis A. Cordileone.
No. 6473.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Writ Refused November 15, 1974.
R. Lee McDaniel, Von Hoene & Garner, New Orleans, for defendants-appellants.
August J. LaNasa, New Orleans, for plaintiffs-appellees.
Before GULOTTA, BOUTALL and BEER, JJ.
BOUTALL, Judge.
The sole issue in this case is whether a lease has been renewed either expressly or tacitly.
The facts are as follows: On October 30, 1970, Adrast Ducote, Jr. and his wife leased to Ciro P. Callico the premises designated as #601 Royal Street and 705-707 Toulouse St., New Orleans, La., at a monthly rental of $600 for a term of 2 years, 4 months, expiring on the 28th day of February, 1973. On that same date the lessors granted written authorization to Callico to sublease the premises to Louis A. Cordileone. Pertinent provisions of the lease are as follows:
* * * "Lessee has the right to renew this lease for a five (5) year term, at a rental of Seven Hundred Fifty and no/100 Dollars ($750.00) per month, but agrees to notify lessor ninety (90) days before the expiration of this lease of his desire to renew same.
* * * * * *
"All notices required to be given under the terms of this lease shall be in writing and by certified mail addressed to Lessee at the herein leased premises or to Lessor at the address appearing in this lease, and such mailing shall constitute full proof of and compliance with the requirement of notice, regardless whether addressee receives such notice or not."
*645 Cordileone took possession of the leased premises as of date of the lease and continued to operate a business therein during the entire term of the lease. He has remained in possession up to the time of trial, despite written notice of eviction addressed to him on February 11, 1974 calling upon him to surrender the premises on February 28, 1974. It is Cordileone's contention that the lease was renewed in accordance with its terms, or by verbal agreement amongst the parties, or by the tacit agreement of the lessor by permitting him to remain in the premises for nearly a year before making demand upon him to vacate. To the contrary, the lessors insist that there was no renewal of the lease, that Cordileone remained in the premises simply on a month to month basis, and they now desire to terminate the monthly possession. The trial court held in favor of the lessors finding that the lease required a written notice for exercising the option to renew, that there was no notice in writing nor oral agreement to exercise the option, nor was there a waiver of the requirements of the written lease, and entered judgment of eviction. We affirm those findings.
The record discloses that both Cordileone and Callico testified that in verbal conversations with Mr. Ducote, Ducote agreed that he would renew the lease at the increased rental of $750.00 per month. Added to this was the testimony of Cordileone's attorney, who also testified to a telephone conversation with Mr. Ducote pursuant to a letter he had written, wherein it was agreed that the lease would be renewed at the increased rental. Based on this testimony above, it is evident that there was no written exercise of the option by the lessee as required by the lease terms. Mr. Ducote denies that there was ever any oral agreement to exercise the option. His testimony is that he looked towards the lessee, Callico, exclusively in terms of this lease and had nothing to do with the sub-lessee. He points to the original arrangement between the parties wherein his dealings were solely with the lessee (this is affirmed by Callico) and insists that the lessee made no effort towards exercising the option, which he considered to be exclusively the privilege of the lessee. Taken as a whole, the evidence preponderates to the effect that the lessee himself made no attempt to exercise the option on his own behalf, but that any efforts to renew were made by the sub-lessee. The letter written by the attorney does not contain a binding exercise of the option, but is simply a request to discuss the matter further.
The right to renew the lease was held by the lessee and not the sub-lessee. See Terzia v. The Grand Leader, 176 La. 151, 145 So. 363 (1933); Le Blanc v. Barielle, 25 So.2d 638 (La.App. Orleans, 1946). The rights of the sub-lessee are derived only from the terms of the sublease. The sub-lessee is not considered as an original lessee, and may only exercise rights under the original lease through the original lessee. Miles v. Kilgore, 191 So. 556 (La. App.2d Cir. 1939). Mere occupancy by the sub-lessee is not sufficient to create a lease arrangement between the sub-lessee and the landlord. Terzia v. The Grand Leader, supra. See also Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574 (1970), wherein it was held that a lessee remaining in possession beyond the option period of the lease did not create a renewal of the lease itself by occupancy in excess of 7 months.
The court stated the following pertinent language:
"[8, 9] While assent to a contract may be implied, that implication must be established and cannot be presumed. Defendant's burden was to establish a lease for a fixed term. He had to prove a meeting of the minds of the contracting parties that their relationship as lessor and lessee was for the alleged fixed term, by either express language or by circumstances (action or inaction) that necessarily implied the proposition."
*646 To summarize, the record does not show an exercise of the option by the lessee and the actions of the sub-lessee did not create a lease arrangement as between him and the original lessor.
Accordingly, we affirm the judgment appealed from, at appellant's cost.
Affirmed.