369 So.2d 1141 (1979)
James K. PORTER
v.
Walter R. JOHNSON.
No. 12460.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Writ Refused April 27, 1979.
*1142 John B. Williams, Baton Rouge, for plaintiff.
Miriam T. Attaya, Gonzales, for defendant.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
This is a suit for damages allegedly resulting from a wrongful seizure purportedly under a lessor's privilege. Plaintiff has appealed from a judgment for the defendant.
Plaintiff complains of: the finding of abandonment of property by him, the failure to allow the removal of the camp building or to award the value thereof, the failure to find the value of the camphouse, the failure to qualify an expert witness, the failure to order the return of some personal property, the failure to find a wrongful eviction and the finding that he was a party to the lease.
We reverse and render.
A Mr. Gilbert leased a campsite from the defendant. Plaintiff purchased from the prior owner, who was not the landowner, a building on the campsite. Both plaintiff and the Gilberts used the camp. The Gilberts failed to pay the annual rental within sixty days of the due date. Acting under the terms of the lease,[1] defendant took possession of the camp and removed from the premises a boat, motor, trailer and a television set, belonging to plaintiff. When plaintiff became aware of what had happened, he offered to pay the rental. Defendant refused the offer and refused to pay for the camp or for the moveables and to return them to plaintiff.
During argument, defendant's counsel conceded that plaintiff was entitled to the moveable items he claimed. The return to plaintiff is ordered.
The cancellation of a lease for nonpayment of rent is effective only when a court grants the termination and possession. La.R.S.-C.C.P. Arts. 4701 et seq.; Louisiana Materials Co., Inc. v. Cronvich, 236 So.2d 510 (4th Cir. 1979). The only exception occurs on the voluntary abandonment of the property. Bunel of New Orleans, Inc. v. Cigali, 348 So.2d 993 (4th Cir. 1977).
Defendant asserts that he thought the premises had been abandoned. Mrs. Gilbert testified she had sent a check to defendant and did not realize he had not received the payment. Various items of considerable value were left at the camp. We find defendant was not justified in believing the premises abandoned or in employing self-help in taking over the premises and property.
As a result we believe that plaintiff should be allowed to remove the building or to receive the value thereof. He proved that he paid $2,500.00 for it. In the absence of other evidence we set that figure as the value of the building. Plaintiff complains of the court's refusal to allow an expert witness to testify on that point. However, the qualification of an expert witness is within the broad discretion of the trial court. Maddox v. Percy, 351 So.2d 1249 (1st Cir. 1977). We find no abuse.
We find it unnecessary to make findings on the technical points of whether plaintiff was a party to the lease and whether there was a wrongful eviction of a lessee.
However, defendant wrongfully deprived plaintiff of the use of his property. While the evidence on the value of the use was inflated and somewhat speculative, nevertheless, we believe that plaintiff is entitled to some recovery. We award $500.00 for the loss of use and wrongful seizure.
*1143 For these reasons, the judgment is reversed and there is now judgment ordering the return of plaintiff's personal property to him, ordering the return of the camp building to him or in the alternative the payment of $2,500.00 therefor; and awarding $500.00 damages for wrongful seizure and deprivation of use. The right of defendant to compensation for property damages resulting from the act of removing of the camp building from the premises, if that occurs, is reserved.
All costs are assessed against the defendant.
REVERSED AND RENDERED.
NOTES
[1] "9 "Lessee further agrees that upon termination of this lease, for any cause whatsoever, all the improvements placed upon the leased premises shall become the property of the lessor without his having to pay any value therefor."