433 So.2d 322 (1983)
John DARDIS, Trustee in Bankruptcy for Corporate Mall, Inc.
v.
Jules A. MADERE, Jr., d/b/a Jules Madere Creative Jewelers.
No. 82 CA 0790.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
Ben Louis Day, Baton Rouge, for plaintiff-appellee and defendant in reconvention John Dardis, Trustee, etc.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellant and plaintiff in reconvention.
*323 Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This appeal arises from a dispute over a commercial lease, with a writ of sequestration being issued at the instance of the plaintiff-lessor. John Dardis, Trustee in Bankruptcy for Corporate Mall, Inc., sued Jules A. Madere, Jr. d/b/a Jules Madere Creative Jewelers for an alleged breach of the lease agreement, praying for sequestration, recognition of a lessor's privilege, and a money judgment for past due rent and future rents accruing under the lease. Madere, owner of a jewelry store in Corporate Mall in East Baton Rouge Parish, reconvened, praying for dissolution of the writ and seeking damages for the wrongful issuance thereof, humiliation and embarrassment, compensatory damages, and attorney's fees.
Following the substitution of Scheuer-Barro Limited d/b/a Corporate Mall, Inc. as party plaintiff[1], the original demand was voluntarily dismissed.[2] The reconventional demand was tried, with judgment being rendered in favor of defendant-in-reconvention. Madere has appealed devolutively.
The dispute arose on or about June 13, 1978, a Saturday, when it appeared to mall personnel that Madere was vacating the leased premises. Shortly before or after equipment and furnishings were removed from the premises by Madere, a sign appeared in the showroom window stating the store was closing to reopen in another location. At this time the June rent had not been paid. The lease provided rent was to be paid by the first of the month and lessee was to operate his business continuously throughout the term of the lease. Anticipating a breach of the lease by Madere, the mall management caused the locks on the jewelry store to be changed and instituted the instant action.
Thus, the issue raised by Madere on appeal is whether the lessor committed a wrongful seizure by changing the locks and causing sequestration to issue in connection with the original demand.
La.Code Civ.P. art. 4731 requires a lessor to bring a rule to show cause in evicting a lessee; however, the jurisprudence has recognized an exception where the lessee has voluntarily abandoned the premises; in such cases, the lessor may retake possession without resorting to judicial process, see Bunel of New Orleans, Inc. v. Cigali, 348 So.2d 993 (La.App. 4th Cir. 1977), writ den. 350 So.2d 1210 (La.1977), and cases cited therein. If lessor is not justified in believing the premises to be abandoned, his using self-help in retaking possession constitutes a trespass and a wrongful seizure of lessee's property, Porter v. Johnson, 369 So.2d 1141 (La.App. 1st Cir.1979), writ den. 371 So.2d 615 (La.1979); Bunel, supra.
Jules Madere testified that managers of the mall acquiesced in his making late rental payments; that he discussed the possibility of his subleasing the premises with the management, and the management even guided him toward a possible sublessee; that he placed the sign notifying his intention to move prior to vacating the premises, and mall personnel were aware of this sign well in advance of July 13, 1978; and that he never intended to vacate the premises altogether, but rather intended to sublease or open in the leased premises a low-budget jewelry store under a different business name.
Halyne B. Garrison testified for the defendant-in-reconvention that Madere was continually asked, in writing and verbally, to be prompt with rental payments, and late payments were never considered acceptable; *324 that Madere discussed the possibility of a sublease but was informed that application therefor would have to be submitted in writing; that no written application for sublease was ever submitted; that Madere, upon being informed of the sublease requirements, replied that he would move any time he wanted, regardless of the consequences; that the sign in Madere's window did not appear until after June 13, 1978; that the premises were cluttered with trash and appeared to be abandoned; and that at no time did Madere signify any intention of opening a new store in the leased premises.
It is obvious from the judgment rendered in favor of defendant-in-reconvention that the trial court found Ms. Garrison's testimony more credible than that of Mr. Madere. After a thorough examination of the record, we do not find the evaluations of the trial court manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Thus, we agree with the trial court that the actions of the lessor herein were reasonable under the circumstances and therefore not tortious.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court in favor of defendant-in-reconvention is hereby affirmed. All costs of this appeal are assessed to plaintiff-in-reconvention, Jules A. Madere, Jr., d/b/a Jules Madere Creative Jewelers.
AFFIRMED.
NOTES
[1] The issue of whether John Dardis, the original plaintiff, remained a proper party defendant-in-reconvention after the substitution of Scheuer-Barro Limited as party plaintiff, was litigated in the trial court, which overruled various exceptions raised by Dardis. Although appellant has briefed this issue, we do not find it cogent to the appeal.
[2] Dardis also filed third-party demands against Scheuer-Barro Limited, Aronov Management Company, Inc. and Halyne B. Garrison, which were dismissed voluntarily and are not at issue.