470 So.2d 521 (1985)
Gordon C. OGDEN
v.
JOHN JAY ESTHETIC SALONS, INC.
No. CA 84 0475.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*522 Stephen E. Covell, Baton Rouge, for plaintiff-appellee Gordon C. Ogden.
John E. Seago, Baton Rouge, for defendant-appellant John Jay Esthetic Salon, Inc.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This case involves an appeal from a successful eviction proceeding, in which the defendant-lessee was ordered to vacate the leased premises. Defendant has perfected this devolutive appeal, challenging the trial court's findings.

FACTS
On May 5, 1980, Gordon Ogden (Ogden) leased some commercial property to K & R Enterprises (K & R) for the operation of a business by K & R (principal lease). This lease permitted K & R to sublet these premises, but only after written notice to, and approval by, Ogden. On December 29, 1980, without the required notice and approval by Ogden, K & R sublet a portion of the premises to John Jay Esthetic Salons (Defendant) for the operation of a beauty salon. (This lease will be referred to as the sublease). In May, 1983, K & R ceased paying the rent and instituted liquidation proceedings.
Feeling that the property had been abandoned, Ogden changed the locks on the building, with the exception of the portion occupied by defendant. On June 13, 1983, Ogden wrote to defendant informing him that the principal lease had been cancelled through the default of K & R Enterprises, and requested a copy of the sublease. In addition, Ogden requested that any rental payments by defendant be paid directly to Ogden.
On June 28, 1983, Ogden received a copy of the sublease from defendant's attorney. Immediately thereafter, the parties spoke regarding the terms of this lease. The testimony is contradictory in regards to what the parties agreed upon, with Ogden claiming that the sublease terms were rejected, *523 and defendant claiming that Ogden guaranteed the terms of the sublease. However, the facts do indicate that Ogden was dissatisfied with the terms of the lease. Nevertheless, he accepted a number of monthly rental payments from defendant in the same amount as provided in the sublease.
On October 31, 1983, Ogden notified defendant by certified mail that his occupancy of the premises was terminated, and that he had until December 1, 1983 to vacate the premises. On December 1, 1983, defendant remained on the premises and was served with written notice to vacate the premises. Defendant refused to vacate the premises, and Ogden filed the present eviction proceedings.
The trial court, without assigning any reasons for its judgment, found for Ogden, and ordered defendant to vacate the premises.

SPECIFICATIONS OF ERROR
Defendant lodged the present appeal alleging the following as errors by the trial court:
(1) The trial court erred in concluding that the principal lease between Ogden and K & R Enterprises is no longer in effect.
(2) The trial court erred in failing to find that a new lease agreement between John Jay and Ogden containing the same terms and conditions as the sublease, had been perfected and was in force at the time of the eviction proceedings.

EVIDENTIARY ISSUE
As a preliminary matter, we are faced with an evidentiary issue regarding the record from a previous suit involving Ogden and K & R Enterprises. At trial of the instant case, defendant sought to introduce the record from this previous suit. Upon objection to the suit's relevancy the trial judge reserved ruling on the record's admissibility. However, the trial judge never ruled on the admissibility of the record, and the record was never formally introduced into the record of the present suit. However, in a motion to supplement the record on appeal, the record from the previous suit was admitted as a proffer of proof. On appeal, defendant does not assert any error by the trial judge in not admitting the record, nor does he argue in brief for its admissibility. As such, the issue of the record's admissibility is not before us. See: Uniform Rules-Courts of Appeal Rule 2-12.4. Since the admissibility is not before us, we cannot consider the record in our decision, as it is not part of the record which is subject to our review. Good v. Louisiana Commission On Governmental Ethics, 370 So.2d 123 (La.App. 1st Cir.1979), writ denied 371 So.2d 836 (La.1979).

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant urges that the principal lease is still in effect, because Ogden never obtained a judicial determination that the lease has been cancelled. Since the principal lease is still in effect, as the argument goes, the sublease which is derived from the terms of the principal lease, is still in effect.
La.Code Civ.P. art. 4731 requires a lessor to bring a rule to show cause to evict a lessee. However, the jurisprudence has recognized an exception where the lessee has voluntarily abandoned the premises. In such cases, the lessor may retake possession without resorting to judicial process. See Dardis v. Madere, 433 So.2d 322 (La.App. 1st Cir.1983), and Bunel of New Orleans, Inc. v. Cigali, 348 So.2d 993 (La. App. 4th Cir.1977), writ denied 350 So.2d 1210 (La.1977), and cases cited therein. If the lessor is not justified in believing the premises to be abandoned, his using self-help in retaking possession constitutes a trespass and a wrongful seizure of lessee's property. Dardis v. Madere, supra; Porter v. Johnson, 369 So.2d 1141 (La.App. 1st Cir.1979), writ denied 371 So.2d 615 (La. 1979). Thus, we must determine whether K & R Enterprises voluntarily abandoned the premises.
*524 Mr. Ogden testified that as of May 1, 1983, K & R completely ceased paying rent. For the few months prior to this date, only partial rent was being paid. Also, K & R ceased business operations on the premises, and instituted liquidation proceedings in an attempt to dissolve the business entity. In addition, the premises were left virtually empty, except for a few movables which were involved in the liquidation proceedings. Mr. Ogden was of the opinion that the premises had been abandoned.
On the other hand, Herb Knighten, husband of one of the partners K & R Enterprises and familiar with the business operations, testified that the property was never abandoned. He stated that K & R Enterprises was attempting to sublease the premises and not abandon the lease. He also testified that a number of movables from the business operations remained on the premises.
Based on the above, we conclude that the cessation of rental payments, withdrawal of virtually all of the entity's assets, and voluntary participation in liquidation proceedings, adequately establish that the premises were abandoned. This is true even though Ogden knew the whereabouts of the partners, which defendant alleges to have created a duty on Ogden to contact the partners regarding the lease.
The trial judge did not render any reasons for judgment, but in finding for Ogden, he must have determined that the principal lease was dissolved. As there was no judicial dissolution of the lease, the trial judge must have found Ogden's testimony more credible and concluded that the leasehold was abandoned. Based on the record, we do not find this to be manifestly erroneous.
This leaves us with the question of the status of the sublease, in light of the conclusion that the principal lease was dissolved. The rights under a sublease are secondary to the primary lease, and a sublease ceases to exist at the moment the primary lease is dissolved. Ducote v. Callico, 307 So.2d 644 (La.App. 4th Cir.1974), writ denied 309 So.2d 337 (La.1974); Miles v. Kilgore, 191 So. 556 (La.App. 2nd Cir. 1939).
In the instant case, since we conclude that the principal lease was dissolved, any sublease between K & R and defendant was also terminated.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant raises two contentions. First, defendant asserts the validity of his sublease in that Ogden impliedly consented to the sublease by not taking any action to dissolve or rescind it, after having knowledge of its existence. Second, defendant contends that Ogden consented to the terms of the sublease and that a new lease was created, which lease contained the same terms as the sublease.
As to the first contention, we have already established that any sublease to defendant was dissolved when K & R voluntarily abandoned the premises. We need not repeat ourselves here.
As to the second contention, we must decide whether a new lease was created, and, if so, the terms of that new lease. A number of letters and correspondence was passed between defendant and Ogden, and vice versa, which correspondence defendant contends indicates Ogden's acceptance of the terms of the sublease.
After learning of the sublease, Ogden made several attempts to obtain a copy of the terms of the sublease. After a number of these attempts, Ogden finally received a copy of the lease from defendant's attorney along with a letter which provided, in pertinent part, as follows:
If you would like to redraw a lease directly between you and John Jay following similar terms and conditions, please have your attorney forward a copy of the lease in order that same can be presented to John Jay.
However, if we do not hear from you to the contrary, we will assume that you are in concurrence with the present lease and Mr. Grisaffi (the manager of defendant's Baton Rouge Salon) will make all *525 payments under the lease directly to your office commencing July 1, 1983.
Prior to receiving the lease, Ogden was unaware of its terms. Immediately after receiving the lease, Ogden informed defendant that he was dissatisfied with the lease terms and that the lease was unacceptable. Thereafter, attempts to negotiate a new lease failed, but defendant remained on the premises, and Ogden accepted rental payments in the same amount as provided in the sublease. But this does not convince us that Ogden accepted the terms of the sublease. Especially is this true in light of Ogden's extreme dissatisfaction with the lease terms, and the fact that the parties attempted to negotiate a new lease, which tends to indicate the rejection of the sublease terms.
In ordering defendant to vacate the premises, the trial judge must have found that Ogden did not agree to the terms of the sublease, which included a fifteen year term. Based on the testimony at trial, we are unable to conclude that this was manifest error by the trial judge.
It is obvious that both parties intended some type of lease agreement between the parties, as defendant remained on the premises and Ogden accepted rental payments. Furthermore, Ogden testified that he wanted defendant as a tenant, and defendant testified that he wanted to remain on the premises as Ogden's tenant. However, no lease was formalized and no terms were agreed upon, and defendant remained on the property paying $600 per month directly to Ogden. These rental payments were less than the amount of rent which K & R had previously paid, but Ogden accepted it as a full month's rent. These payments were made for at least five months, until Ogden instituted the present eviction proceedings.
Verbal leases are permitted in Louisiana, see La.Civ.Code art. 2683, and all that is required are a thing, price, and consent. La.Civ.Code art. 2670. Obviously the thing was the premises. The price was $600 per month and was established by payment and acceptance of the rent, which can establish the relationship of landlord and tenant. Shear v. Karno, 150 So.2d 916 (La.App. 4th Cir.1963) writ denied, 244 La. 471, 152 So.2d 563 (1963). Whether the parties consented to a lease other than the sublease is disputed. On one hand, defendant contends he did not consent to any lease but the sublease. On the other hand, Ogden testified that he would never agree to the sublease but was willing to negotiate a new lease. We find that defendant's remaining on the premises, and Ogden's acceptance of rent established the consent and agreement of the parties. What was established was a verbal lease with the terms left up to the law.
In the absence of a lease with a fixed term, as in the present case, La.Civ. Code art. 2685 provides that the lease is considered to have been made by the month. For either party to terminate such a lease, that party must provide the other with written notice at lease ten days before the expiration of the month which has begun to run. La.Civ.Code art. 2686. Any notice in writing clearly indicating to a month to month tenant that the lessor desires to end the lease and obtain possession is sufficient, as long as the notice is received ten or more days before the end of the monthly term. Board of Levee Commissioners of Orleans Levee District v. Magee Aircraft Company, Inc., 77 So.2d 239 (La.App.Orl.Cir.1955).
In the instant case, by letter dated November 7, 1983, Ogden provided defendant with adequate written notice of Ogden's intent to take possession of the premises. This letter clearly met the requirements of La.Civ.Code art. 2686, as well as La.Code Civ.P. art. 4701 which also governs such notice.
As such, the monthly lease between the parties was rescinded and the trial judge was not in error in denying defendant's assertions that the sublease and its terms were governing the situation between the parties.

*526 EQUITABLE ESTOPPEL
Defendant lastly contends that Ogden should be "estopped" from denying the existence of a lease with the same terms as the sublease between the parties. Defendant bases his argument on Ogden's failure to take any affirmative action to evict defendant after Ogden learned of the sublease, especially after Ogden received the letter set forth, in pertinent part, above. However, we are of the opinion that this case does not warrant the application of estoppel. As previously mentioned, Ogden contacted defendant immediately after receiving the letter to express his dissatisfaction with the terms of the sublease, and to attempt negotiations for a new lease. This was not denied by defendant, but defendant testified that Ogden later "guaranteed" the lease terms if defendant remained as a tenant. However, we are of the opinion that Ogden's dissatisfaction with the lease, which was communicated to defendant, precludes the application of any form of estoppel.

CONCLUSION
In conclusion, the trial judge was not in error in finding that the sublease was not in effect and binding on Ogden. Also, the terms of the sublease were never accepted as binding by Ogden, and a monthly lease resulted from the parties communications. This monthly lease was terminated when Ogden provided defendant with at least 10 days written notice of his intentions to take possession of the premises.
For the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.