DOUCET, Judge.
This is an appeal from a judgment dismissing plaintiffs claims on the basis of prescription.
After many years of working as a sandblaster painter, Mitchell Lebleu developed silicosis which was discovered sometime between 1981 and 1983. On June 5, 1986, Mitchell Lebleu filed this suit to recover tort damages pursuant to his silicosis against Southern Silica of Louisiana, Northwest Mining Corporation, Minnesota Mining Corporation (3M), Specialty Sand Co., Clemtex, Ltd, Clemco Industries, Inc., Lone Star Industries, Inc., Mine Safety Appliance Co., Thorstenburg Materials Co., Inc., E.D. Bullard Co., Bob Schmidt, Inc., Pulmosan Safety Equipment, Big Three Industries, Ingersol-Rand Co., Joy Manufacturing Co., Empire Abrasive Equipment, Reliance Insurance Co., Travelers Insurance Co., and Fireman’s Fund Insurance Co. The plaintiff later amended his suit to include Sline Industrial Painters, Inc. (Sline), and its insurer Liberty Mutual Insurance Co., P.P.G. Industries, Inc. and its insurers, Hartford Accident and Indemnity Co., The Aetna Casualty and Surety Co., and Travelers Insurance Co.; and Cities Services Co. and its insurers, Insurance Company of North America, and Lloyds of London. Exceptions of prescription were filed by all of the defendants except Bob Schmidt, Inc. and Cities Services Co. and its insurers.
The trial judge granted the exceptions stating that the action for tortious injury was already prescribed when the plaintiff filed his worker’s compensation suit against Sline on March 3, 1983 because Lebleu knew about his silicosis and its cause more than one year before that date. Lebleu appeals. He primarily attacks the trial court’s factual finding as to the date on which he discovered his condition. We affirm without reaching the issue of the date on which Lebleu discovered his condition.
On March 3, 1983, Lebleu filed a worker’s compensation suit against his employer, Sline, under the caption Lebleu v. Sline Industrial Painters, Inc., Number 83-1391 on the docket of the 14th Judicial District Court for the Parish of Calcasieu. Sline answered the suit and filed a third party demand against Specialty Sand Company on May 9, 1983. The third party demand was voluntarily dismissed without prejudice on April 2, 1984 on motion of Sline. The worker’s compensation claim was settled with a judgment being signed on July 5, 1984.
The third party demand in that suit interrupted prescription as to all tort-feasors who were solidary with Specialty Sand. Suit by either the injured employee or his employer against a third party tort-feasor will interrupt prescription as to both. Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983).
La.C.C. art. 3463 states that:
*1226 An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
Although the filing of the third party demand interrupted prescription as to any and all solidary tortfeasors, under the provisions of art. 3463 that interruption must be considered as if it never occurred because the claim was voluntarily dismissed. As a result, even if prescription began to run anew after the dismissal, as is suggested by Comment (b) to La.C.C. art. 3463, the action had prescribed by the time suit was filed.
Plaintiff’s brief indicates that a tort suit against certain of the defendants may have been filed in U.S. District Court prior to the dismissal of the Sline’s third party demand in the compensation suit, thereby raising the possibility of a continuing interruption of prescription. However, we find nothing in the record to indicate that such a suit ever existed. As a result, we may not consider it. Bauchmoyer v. Spelta, 548 So.2d 1 (La.App. 3rd Cir.1989), writ denied, 548 So.2d 1252 (La.1989); Ogden v. John Jay Esthetic Salons, Inc., 470 So.2d 521 (La.App. 1st Cir.1985); Mattox v. American Indemnity Co., 259 So.2d 79 (La.App. 4th Cir.1972).
Accordingly, we find that this action was prescribed at the time suit was filed. Therefore, the judgment of the trial court is affirmed. Costs are to be paid by the appellant.
AFFIRMED.