616 So.2d 207 (1993)
Bruce M. SAUER, Plaintiff-Appellant,
v.
John L. TOYE d/b/a Telephone Secretary Service, Intervenor-Appellee.
No. 92-CA-880.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
*208 Joseph F. Roy, Monroe, for plaintiff-appellant.
William H. Reinhardt, Jr., Stacy C. Moak, Metairie, for intervenor-appellee Telephone Servicers, a Louisiana limited partnership and its general partner Teleservices Corp.
KLIEBERT, C.J., and BOWES and GAUDIN, JJ.
KLIEBERT, Chief Judge.
This is an action by Bruce M. Sauer, plaintiff, (hereafter owner) for past due rents, possession, and eviction of the defendant, John Toye, (hereafter sublessee) from the premises bearing Municipal Number 2315-19 Metairie Heights Avenue, Metairie, La. Two days before the date set for hearing of the rule, Telephone Servicers, a Louisiana limited partnership (hereafter lessee-intervenor), intervened claiming right of possession under a lease granted by plaintiff's predecessor in title.
Over appellant's objection, the trial court heard the intervention at the hearing on the eviction rule. Defendant-sublessee, Toye, neither responded to the rule nor appeared at the hearing. After the hearing, *209 the trial judge denied the eviction, finding ".... that intervenor [Telephone Servicers] has a valid recorded lease on plaintiff's property and that the recorded lease has sublease provisions.... [P]laintiff's knowledge of the recorded lease containing subleasing provisions, provided sufficient notice to third parties of the encumbrances on the property." The judge also denied the claim for past due rent after finding that the appellant presented insufficient evidence to prove that claim.
On appeal, the appellant contends that the trial court erred in hearing the intervention at the trial of the rule and further erred in its findings regarding the notice provided by the subleasing provisions in the recorded lease and the sufficiency of the evidence supporting the claim for past due rents. We conclude that the trial court properly heard the intervention and agree with the judgment rendered in this case, but disagree with some of the trial court's legal reasoning. Nevertheless, we affirm the judgment.
The appellant purchased the commercial office building involved in this case on January 31, 1992, by an Act of Sale from the Federal Deposit Insurance Corporation which was acting as receiver for the property's previous owner, Pontchartrain State Bank, then in liquidation. Pontchartrain State Bank's predecessor in title, Commercial Bank and Trust Company, acquired the property by foreclosure against the original owners, Joseph J. Geraci, individually, and James L. Sheppard, Trustee for Jules G. Mollere, III, who had pledged the property as security for a collateral mortgage note executed on April 16, 1985. The appellant does not dispute the foregoing chain of title to the property or the existence of the encumbrance.
On September 1, 1982, prior to the mortgage of the property, the original owners leased office space in the building to Telephone Servicers. The written lease between the owners, as lessors, and Telephone Servicers, as lessee, specified a five year term ending on August 31, 1987, and contained the following renewal option provisions:
"Lessee shall have the option to renew this lease for an additional ten (10) years from the expiration date thereof on the same terms and conditions, except that the rental shall be for $600.00 per month for the entire period of the option, and this option shall be considered exercised unless Lessee notifies Lessor to the contrary, in writing, 120 days before the expiration date of this lease. Lessee shall have the further option to renew this lease beyond the foregoing option period for an additional five (5) years beyond the expiration of the ten (10) year option period except that the rental shall be for $750.00 per month for the entire period of the option, and this option shall be considered exercised unless Lessee notifies Lessor to the contrary, in writing, 120 days before the expiration date of the ten (10) year option."
The lease also contained a standard provision authorizing Telephone Servicers to sublease the rented premises only upon receiving written permission from the lessor:
"Lessee is not permitted to rent or sub-let or grant use or possession of the premises to any other party without the written consent of the Lessor, and then only in accordance with the terms of this lease. Should Lessee desire to sub-let, permission must be obtained in writing through Lessor or Agent and such sublease shall be handled by Lessor's agent at expense of the herein Lessee."
The lease between the original owners of the property and Telephone Servicers was recorded in Jefferson Parish on October 20, 1992. On June 28, 1988, Commercial Bank and Trust Company, then owner-lessor of the property, issued written permission for Telephone Servicers to sublease the premises to John Toye. A written sublease between Telephone Servicers, as sublessor, and John Toye, as sublessee, was executed on June 30, 1988, but never recorded in the conveyance records of the Parish of Jefferson.
Appellant's eviction action and claim for past due rent are asserted directly against sublessee Toye. The rule filed by the appellant *210 alleges Toye's occupancy of the premises without either a lease agreement with the appellant or a recorded lease agreement with any previous owner of the property, and further alleges Toye's failure to comply with the legal notice to vacate the premises already served on him. The rule also avers that the appellant is entitled to collect reasonable rent from Toye for the period of his occupancy of the premises. Telephone Servicers' intervention petition opposes the appellant's rule based on the existence of its recorded lease with the original owners and its authorized sublease with defendant Toye.
In his first assignment of error, the appellant concedes that Telephone Servicers' intervention could be properly filed anytime prior to the hearing on the eviction rule, but he argues that it was error for the trial court to hear the intervention rule at the trial of the eviction rule. He contends that an intervention is subject to the procedural rules for ordinary proceedings, including the requirement of La.-C.C.P. Article 1571 A(2) that an answer be filed prior to assignment of the matter for trial.
La.-C.C.P. Article 1031 classifies an intervention as an incidental demand, and La.-C.C.P. Article 1036 directs that the mode of procedure employed in the incidental action shall be the same as that used in the principal action, unless otherwise specified. The principal action in this case is an eviction instituted by the appellant by a rule to show cause, as authorized by La.-C.C.P. Article 4731 A[1] and is a summary proceeding governed by La.-C.C.P. Articles 2591-2596. Intern. Matex Tank Terminals v. System Fuels, 398 So.2d 1029 (La.1981). The intervention filed by appellee Telephone Servicers is therefore also subject to the summary proceeding articles, and Article 2593 specifies that an answer is not generally required in summary proceedings. The lack of an answer to appellee's intervention in this case posed no obstacle to the trial court's hearing that intervention at the trial of the appellant's eviction rule.
We are also unpersuaded by the appellant's contention that he was surprised and prejudiced by the hearing of the intervention, having only received a copy of the intervention petition on the morning of the trial. As the trial judge observed in her written judgment, the appellant appeared for trial fully prepared with legal authorities addressing the issues raised by the intervention. We agree with that observation and find no merit in this error assignment.
The appellant next challenges the denial of his eviction rule and contends that the trial court misinterpreted the subleasing provisions of the primary lease between the original owners and Telephone Servicers. In denying the eviction, the trial court reasoned that the recorded primary lease, with its subleasing provisions, afforded third parties sufficient notice of the encumbrances on the property. We disagree with that reasoning to the extent that it construes the subleasing provisions in the primary lease as providing sufficient notice of the existence of a sublease in this case. A clause in a recorded lease allowing the lessee to sublease the property only with written permission of the lessor does not give adequate notice to third parties that a sublease on the property exists or is likely to exist. Such an expansive interpretation of the recorded lease's subleasing provision in this case goes beyond the bounds of the public records doctrine embodied in R.S. 9:2721.
We do, however, conclude that the trial court correctly denied the eviction rule because the appellant failed to prove his entitlement to eviction of defendant-sublessee Toye. Eviction is a summary *211 action which involves the single issue of whether the lessor is entitled to possession of the leased premises. Mouton v. P.A.B., Inc., 450 So.2d 410 (3rd Cir.1984), writ denied 458 So.2d 118 (La.1984). To maintain an eviction rule, the lessor must show that a lessee's right to occupancy of the rented premises has ceased because of termination of the lease, that the lessor wishes to obtain possession, and that the lessee has failed to comply with the required notice to vacate. Louisiana Home Builders v. Fontenot, 546 So.2d 325 (3rd Cir.1989).
When, as here, an owner-lessor seeks to evict a sublessee, the proof necessary to establish entitlement to that eviction differs because no privity of contract exists between the owner-lessor and the sublessee. Bourgeois, Dupuis, Wright & Cohen v. Hayes, 457 So.2d 231 (3rd Cir.1984). A sublessee derives occupancy rights from the sublease covering the rented premises. Rights under a sublease are secondary to the primary lease, and a sublease ceases to exist when the primary lease is dissolved. Ducote v. Callico, 307 So.2d 644 (4th Cir.1974), writ denied 309 So.2d 337 (La.1974). Thus, an owner-lessor attempting to evict a sublessee has the burden of establishing the dissolution or termination of the primary lease covering the rented premises.
The appellant failed to meet that burden in this case. To the contrary, the evidence established the validity of the recorded primary lease between appellee-lessee/sublessor Telephone Servicers and the original owners of the property, and Telephone Servicers' compliance with the provisions of the primary lease regarding the sublease of the rented premises to defendant-sublessee Toye. The appellant did not prove his entitlement to eviction of the defendant-sublessee, and the trial court correctly denied the eviction. This assignment of error also lacks merit.
The appellant's final error assignment requests review of the trial court's denial of his claim for past due rent. The trial judge concluded that the appellant did not present evidence sufficient to prove his claim for past due rent. She found no merit to the claim, nor do we.
The lack of contractual privity between the appellant, as owner/lessor, and the defendant, as sublessee, also resolves this error assignment. The appellant asserted his claim for past due rent directly against defendant Toye, the sublessee of the rented premises. However, the defendant's obligation to pay rent is established by the sublease, and the appellant's right to collect rent is derived from the primary lease. Since there is no privity of contract between these parties, the appellant has no right to collect rental payments directly from the defendant; and the trial court correctly denied the claim for such direct rental payments from the defendant. This final assignment of error lacks merit.
We therefore hold that the trial court acted properly when it heard the intervention of appellee Telephone Servicers at the trial of the eviction rule, and that the trial court correctly denied appellant Bruce Sauer's eviction rule and claim for past due rent.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant's cost.
AFFIRMED.
NOTES
[1] La.-C.C.P. Article 4731 A provides:

"If the lessee or occupant fails to comply with the notice to vacate required under this Title, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. The rule to show cause shall state the grounds upon which eviction is sought."