JiPLOTKIN, Judge.
In this appeal we consider whether a purchaser of immovable property can invoke the public records doctrine to deprive his vendor’s lessee of ownership of billboard structures erected on the property. Finding the public records doctrine inapplicable because the purchaser assumed the lease in the act of sale, we affirm.
For many years, Outdoor Systems and its predecessors in interest leased from the Probst family a portion of a lot on the comer of Poydras Street and Loyola Avenue in New Orleans to maintain five billboards on which Outdoor Systems sold advertising.[1] Outdoor Systems had purchased the structures which support the billboards from Morris Communications d/b/a Naegele Outdoor Advertising on March 15, 1991. On December 13, 1994, Canco purchased the lot from Cliff L. |2Probst and Marilyn Probst Maloney.[2] On that same day, the vendor and purchaser joined in a letter to Outdoor Systems, which terminated the lease, effective January 14, 1995, according to its terms.
Outdoor Systems threatened to remove the structures, which could not be replaced because of a prohibition against the construction of new billboards in New Orleans. On March 24,1995, Canco was granted a preliminary injunction, which enjoined Outdoor Systems from removing the structures. After a hearing, however, Canco’s request for a permanent injunction was denied on November 30,1995. Canco appeals.
In its first assignment of error, Canco contends that it is a third party purchaser entitled to rely on the protection of the public records doctrine. Specifically, Canco contends that because the recorded lease does not sufficiently notify third parties of Outdoor System’s separate' ownership of the *35 structures, the public records doctrine bars the lessee from asserting its separate ownership against the purchaser.
Louisiana Revised Statute 9:2721(A) provides:
No sale, contract, counter letter, lien mortgage, judgment, surface lease, oil, gas or mineral lease, or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorded of the parish where the land or immovable is situated. Neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.
It has been held on numerous occasions that, in the absence of fraud, actual knowledge of separate ownership does not prevent the operation of the public | grecords doctrine. See Broussard v. Northcott Exploration Co., 481 So.2d 125, 128 (La.1986); see also McDuffie v. Walker, 125 La. 152, 51 So. 100,105 (1909). When, however, a purchaser assumes a lease executed by the vendor, the public records doctrine is rendered inapplicable and the purchaser is bound by the assignment. See Motwani v. Fun Centers, Inc., 388 So.2d 1173, 1175 (La.App. 4th Cir.1980); see also Avenue Plaza, L.L.C. v. Falgoust, 95-0380, p. 5-6 (La.App. 4th Cir. 10/26/95), 663 So.2d 841, 844, rev’d on other grounds, 96-0173 (La.7/2/96), 676 So.2d 1077.
Outdoor Systems contends that Can-eo had actual knowledge that the billboard structures were separately owned by Outdoor Systems, as evidenced by Canco’s involvement in approving the lease and in the language of the act of sale, which indicates that the lessee owns the structures.[3] Canco replies that actual knowledge is irrelevant and that the language of the recorded lease is inadequate to notify third persons that the structures are owned by Outdoor Systems. Cf. High Plains Fuel Corp. v. Carto Int’l Trading, Inc., 93-1275, p. 7-10 (La.App. 1st Cir. 5/20/94), 640 So.2d 609, 614-15, writ denied, 94-2362 (La.11/29/94), 646 So.2d 402; Sauer v. Toye, 616 So.2d 207, 210 (La.App. 5th Cir.1993). Because Canco ceased to be protected by the public records doctrine when it assumed the obligations of the lease through the act of sale, it is not necessary to ^consider the sufficiency of the notice or other issues arising under the public records doctrine.[4]
The December 13, 1994 act of credit sale and mortgage provided that:
Seller does hereby sell and assign to Buyer, without recourse or warranty, even as to the purchase price, all leases affecting the Property, together with all rents accruing thereunder on or after the date hereof. Buyer hereby assumes all obligations arising under such leases on and after the date hereof and shall defend, indemnify, and hold harmless Seller from all obligations in connection therewith.
Thus, Canco clearly assumed the obligations of the lessor. Canco acknowledged this assumption by joining with the vendor in the December 13, 1993 letter to Outdoor Systems, which terminated the lease, and which stated in part:
You are hereby notified that we have this day sold and conveyed to Caneo, Inc., the property which is subject to the above Lease.
You are hereby notified that the above Lease is hereby terminated and cancelled.
*36 Because Canco assumed the obligations of the lease in the act of sale and subsequently acknowledged those obligations by joining in the termination of the lease, Canco is not a third party purchaser protected by the public records doctrine and is bound by the assignment. Accordingly, Canco’s request for a permanent injunction was properly denied. This assignment of error is without merit.
As discussed above, it is not necessary to reach Canco’s second assignment of error regarding whether the recorded lease provided sufficient notice that the billboard structures were separately owned by Outdoor Systems.
| rAccordingly, the denial of Caneo’s request for a permanent injunction is affirmed. Costs are assessed to appellant Canco, Inc.

AFFIRMED.

. Paragraph 1 of the December 2, ,1993 lease, designated as Premises, provides: "The Lessor, as owner or agent of the owner, of the following premises: Street Address: Loyola & Poydras, City of New Orleans, in the Parish of Orleans, State of Louisiana, does hereby lease and grant exclusively to the Lessee, that portion of the premises necessary to maintain (5) existing outdoor advertising structure [sic] with sufficient access to allow Lessee to service and maintain such structure [sic].”

. The property is described in an attachment to the act of credit sale and mortgage as: "A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining,....”

. In the Leases paragraph of the December 13, 1994 act of credit sale and mortgage, it provides in part (emphasis added):
Buyer may terminate the currently existing outdoor advertising lease under the terms and conditions of such lease and may enter into and negotiate a new outdoor advertising lease without approval and consent of Seller unless the new lease provides for rent in a lesser amount than the rent currently provided for in the current existing outdoor advertising lease, and unless the new lease provides for the lessee to move its structures currently located on the Property in such a fashion that they cross the perimeter of lot lines of the Property.

. Paragraph 4 of the December 2, 1993 lease, designated as Property, provides:
As between Lessor and Lessee all structures, equipment and materials place [sic] upon the premises shall remain the property of Lessee and Lessee is granted the right to remove same from Lessor's premises within a reasonable period of time after the expiration of this Lease or any renewal thereof.