**Roger PERINO, et al.**

v.

**COLLINS PIPELINE CO., et al.**

No. Civ.A. 97–3496.

United States District Court,
E.D. Louisiana.

Jan. 30, 1998.

Donna DiMartino Fraiche, Alexander McVoy McIntyre, Jr., Robert William Mouton, Locke, Purnell, Rain, & Harrell, New Orleans, LA, for Plaintiffs.

Luis Alberto Perez, Jeffrey W. Bennett, Adams & Reese, New Orleans, LA, Hugh A. Stowe, Mobil Business Resources Corp., Office of Legal Counsel, Houston, TX, for Defendants.

### ORDER AND REASONS

FALLON, Dsitrict Judge.

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**I. BACKGROUND:** Plaintiffs commenced this action on October 29, 1997 by filing a "Lessor's Petition for Eviction and Possession of Premises" in the 34th Judicial District Court for the Parish of Saint Bernard against defendants, Collins Pipeline Company ("Collins"), Mobil Pipeline Company, and the Saint Bernard Parish Council (the "Parish Council"). The petition seeks eviction, pursuant to the summary proceeding available in state court, of the defendants from certain property owned by plaintiffs and leased to Collins. Collins and Mobil removed the action to this Court on November 7, 1997 on grounds of diversity jurisdiction, asserting that the Parish Council, a sublessee, was fraudulently joined.

**II. ANALYSIS:** The plaintiff now seeks to have this matter remanded to state court on grounds that the Parish Council's Louisiana citizenship destroys diversity. The Court agrees.

As the party who is "invoking the removal jurisdiction of the federal courts," Mobil and Collins "bear[ ] a heavy burden." *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). "To prove that non-diverse parties have been fraudulently joined in order to defeat diversity, the removing party must demonstrate either 'outright fraud in the plaintiff's recitation of jurisdictional facts' or that 'there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'" *Id.* (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995)) (citations omitted). In making this determination, the Court must "'evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff' and 'examine relevant state law and resolve all uncertainties in favor of the nonremoving party.'" *Rodriguez,* 120 F.3d at 591 (quoting *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205–06 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984)).

The instant action was brought as a summary eviction proceeding, which is tantamount to a rule to show cause why the defendants should not be ordered to deliver possession of the premises to the lessor. *See* La.Code Civ.Proc.Ann. art. 4731 (West Supp.1997). It is the plaintiffs' position that the primary lease has terminated and, thus, that each of the defendants has lost its right of occupancy.

The removing defendants do not dispute that the Parish Council, as a partial sublessee, is exercising certain rights of use, occupancy, and possession with respect to a portion of the subject premises. Nor do they dispute that if the primary lease has terminated, as plaintiff alleges, then the Parish Council, like the primary lessors, has lost its

rights of possession and occupancy. *See Ogden v. John Jay Esthetic Salons, Inc.,* 470 So.2d 521, 524 (La.Ct.App. 1st Cir.1985). Nevertheless, the removing defendants insist that a cause of action for eviction cannot lie against the Parish Council, as sublessee. The law is not with them.

 Although Louisiana law does not require that sublessees be joined in eviction proceedings, it certainly permits that they be joined. The jurisprudence is replete with examples of eviction actions brought by the principal lessor against a sublessee,[1] including cases where, as here, the lessor's asserted right to repossess the premises was based solely upon alleged termination of the primary lease and not upon any improper action or inaction on the part of the sublessee. *See Ogden v. John Jay Esthetic Salons, Inc.,* 470 So.2d 521 (La.Ct.App. 1st Cir.1985); *Ducote v. Callico,* 307 So.2d 644 (La.Ct.App. 4th Cir.), *writ. denied,* 309 So.2d 337 (1974). In short, the removing defendants have failed to cite any point of fact or law that would bar the plaintiffs from establishing that the Parish Council has lost its right of occupancy and, upon doing so, obtaining a judgment of eviction against this nondiverse defendant. While the plaintiffs certainly were at liberty to take the more leisurely route urged by Mobil and Collins as mandatory (*i.e.,* initiate eviction proceedings first against the primary lessee alone and then later against the sublessee if and only if the sublessee refused to vacate in the face of a judgment of eviction against the primary lessee), nothing in the law required it.

Accordingly, construing all uncertainties in the law in favor of the plaintiffs, the Court finds that the removing defendants have failed to show that the plaintiffs have no chance of succeeding in their eviction proceeding against the Parish Council.

Therefore, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion to remand is HEREBY GRANTED and that this matter be and is HEREBY REMANDED to the 34th Judicial District Court for the Parish of Saint Bernard, State of Louisiana.

---

**1.** *See, e.g., Brown v. Mayfield,* 488 So.2d 322 (La.Ct.App. 3d Cir.1986).