CALOGERO,
Chief Justice assigning additional reasons for concurrence.
hi participated in the majority’s disposition of the above case, being of the view that it was error on the part of the two lower courts to grant the defendants’ exception of no cause of action. I venture to add in this concurring opinion a couple of brief comments, which may be helpful to the parties and the trial court in connection with the trial of this case.
I believe that it was the majority’s view, and it certainly is my own, that there were at least two problems with disposing of this case by the lower courts’ granting the exception of no cause of action. First, the plaintiffs adequately requested in their petition that the court apply the equitable remedy of judicial control of leases, where in certain circumstances the courts are vested with discretion to decline to grant a lessor’s cancellation of a lease although such right appears to be available to the lessor. Second, without a merits trial, it is not evident that the plaintiffs could not establish a cause of action, notwithstanding the absence of recordation of their leases, because the plaintiffs may in fact be able to prove, as they have asserted, that the defendant Cedar Bayou assumed the obligation of Remington Oil to the plaintiff tenants, including a right of first refusal.
With respect to one or the other theories of recovery urged, or such as the plaintiffs may yet assert in supplemental pleadings, I believe that the plaintiffs should | yhave the opportunity to prove the facts that they assert regarding the assumption by Cedar Bayou of lessor Remington Oil’s lease obligations to the tenants and/or have the trial judge determine whether the tenants are entitled to equitable relief under the doctrine of judicial control of leases. See Canco, Inc. v. Outdoor Systems Advertising, 96-0559 (La.App. 4 Cir.1996), 681 So.2d 33; Motwani v. Fun Centers, Inc., 388 So.2d 1173 (La.App. 4 Cir.1980); Carriere v. Bank of Louisiana, 95-3058 (La.12/13/96), 702 So.2d 648, 654.