# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1125


BASS, LTD.

VERSUS

TIM GERALD, ET AL.


************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 04-2115,
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE


************

## MICHAEL G. SULLIVAN
## JUDGE


************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Michael G. Sullivan, Judges.


**AFFIRMED.**

George J. Tate
Attorney at Law
Post Office Box 817
Abbeville, Louisiana 70511-0817
(337) 893-8335
Counsel for Defendant/Appellant:
    Triangle Venture Associates, Inc.

Lamont P. Domingue
Voorhies & Labbe
Post Office Box 3527
Lafayette, Louisiana 70502-3527
(337) 232-9700
Counsel for Plaintiffs/Appellees:
    Bass, Ltd.
    Charles Bernard

SULLIVAN, Judge.

This is a case of competing billboard leases. Defendant appeals the trial court's holding that Plaintiff's lease is valid and its lease is invalid. For the following reasons, we affirm the judgment of the trial court.

### *Facts*

In early 2004, Bass, Ltd. (Bass) and Triangle Venture Associates, Inc. (Triangle) were interested in leasing property along Interstate Highway 49 in St. Landry Parish for the placement of billboards. Bass instructed its employee, David Sonnier, to begin working toward this goal. Mr. Sonnier contacted Mr. Charles Bernard, who, along with his wife, owned property which suited Bass's needs. Mr. Sonnier negotiated a lease with Mr. Bernard. On February 11, 2004, Mr. Bernard signed his name and his wife's name on the lease. Bass recorded the lease in the public records of St. Landry Parish on April 5, 2004. It also filed an application for a billboard permit with the Department of Transportation and Development (DOTD) that same day.

Tim Gerald is an independent contractor who often provides services to Triangle. After learning of Triangle's interest in leasing property on Interstate Highway 49, Mr. Gerald also contacted Mr. Bernard and negotiated a lease with him. Mr. and Mrs. Bernard signed the lease on March 25, 2004. On April 1, 2004, Mr. Gerald applied to DOTD for a permit for the placement of a billboard on the Bernards' property. He recorded Triangle's lease on April 6, 2004. When he recorded the lease, Mr. Gerald checked the conveyance records for any other transactions concerning the Bernards' property and found that Bass had recorded its lease with the Bernards the day before. DOTD issued Triangle a permit for the issuance of a billboard on April 8, 2004.

Stephen Sonnier of Bass contacted Mr. Gerald on April 5, after he learned that Bass's permit application was not the first permit application filed with DOTD for the Bernards' property. He also contacted Stephen Scott, president of Triangle, and advised him that Triangle's permit application pertained to property leased by the Bernards to Bass. Mr. Gerald and Mr. Scott testified that they believed Triangle's lease and permit application did not pertain to the same property leased by Bass. Mr. Bernard testified that Mr. Gerald told him that Bass's lease was not valid because Bass could not get a billboard permit.

Triangle began construction of its billboard structure on April 15, 2004. On April 20, 2004, Bass filed a Petition for Preliminary Injunction, Permanent Injunction, Tortious Interference with a Contract, Unfair Trade Practices, Declaratory Judgment and, in the alternative, Interferences with Peaceful Possession of Leased Premises against Triangle, Mr. Gerald, and the Bernards. Triangle and Mr. Gerald filed answers in which they denied Bass's claims and asserted cross-claims against the Bernards. Sometime later, Triangle filed an exception of no cause of action which was tried in conjunction with the trial on the merits. Before trial, the Bernards assigned their rights in and to their lease with Triangle to Bass. In exchange, Bass agreed to waive all of its claims against them.

After a trial on the merits, judgment was rendered in favor of Bass declaring Bass's lease with the Bernards valid and enforceable. The judgment granted a permanent injunction prohibiting Triangle from performing, enforcing, or acting upon its rights and obligations under its lease with the Bernards. Bass was awarded damages against Triangle for interference with its peaceful possession of the leased location. Bass's claims for damages for unfair trade practices and for tortious

2

interference with its contract were dismissed. Judgment was rendered in favor of Triangle on its third party demand against the Bernards in the amount of $8,000.00, the rent paid by Triangle to the Bernards under its lease.

Triangle filed a motion for new trial which was denied after a hearing. It then perfected this appeal in which it assigns five errors. Our findings on the following assignments negate the need to address all of them:

1) The trial court erred in granting a declaratory judgment in favor of Bass which declares Bass's lease "valid and enforceable" and Triangle's lease "void and unenforceable."

2) The trial court erred in failing to sustain its affirmative defenses.

3) The trial court erred in all of its findings regarding Bass's ability to obtain a billboard permit from DOTD.

### Standard of Review

Recently, in *Cosby v. Holcomb Trucking, Inc.*, 05-470 (La. 9/6/06), 942 So.2d 471, the supreme court reiterated that reversal of a trial court's findings of fact is warranted only after the appellate court has performed a complete review and determined that the trial court's finding of fact is manifestly erroneous or clearly wrong. The appellate court cannot reweigh the evidence or substitute its own findings, and where there are two permissible views of the evidence, the fact finder's choice cannot be manifestly erroneous or clearly wrong. *Id*.

### Discussion

### Bass's Lease

Triangle's first assignment of error is that the trial court erred in finding Bass's lease "valid and enforceable" and its lease "void and unenforceable." The trial court specifically addressed three arguments urged by Defendants regarding the validity of

Bass's lease: 1) Mr. Bernard signed Mrs. Bernard's signature on the lease; 2) Mr. Bernard testified that he did not believe he was signing a binding lease with Bass; and 3) Bass's lease required annexation of the leased property which was an impossible condition.

The trial court made two findings with regard to Mr. Bernard having signed Mrs. Bernard's name to Bass's lease: 1) while Mrs. Bernard's concurrence in the lease was required by La.Civ.Code art. 2347, she ratified Mr. Bernard's signing her name thereto as provided in La.Civ.Code art. 2353 and 2) even if she did not ratify Mr. Bernard's signing her name, she was the only person who could claim the lease was null without her signature, and neither she nor her successors have done so.

Article 2031 of the Louisiana Civil Code provides:

> A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.

> Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.

The trial court correctly determined that only Mrs. Bernard or her representative could urge the invalidity of Bass's lease because she did not sign it. *See also, Rowan v. Town of Arnaudville*, 02-882 (La.App. 3 Cir. 12/11/02), 832 So.2d 1185, where this court held that the plaintiff, who was not a party to the lease contract, could not attack the validity of the lease.

Triangle next urges that Mr. Bernard did not know what he was signing when he signed Bass's lease and, therefore, he did not consent to Bass's lease. As previously discussed, only Mr. Bernard could invoke nullity of the lease; he did not. Additionally, the trial court correctly concluded that by signing the lease Mr. Bernard

4

was presumed to know what he was signing and that his signature on a letter to DOTD which stated in part: "I have [entered] into a new lease with Bass LTD. of New Iberia, La. and they will assume the same [l]ocation and build a new [d]isplay," three weeks after he signed the lease evidenced that he knew he signed a lease with Bass.

Triangle also argues that Bass's lease is invalid for a number of other reasons: 1) the lease is subject to a suspensive condition—installation of a billboard structure—which has not been satisfied; 2) the lease cannot be performed without a DOTD permit, which it cannot obtain; and 3) the lease requires annexation of the lease property by the City of Opelousas, which cannot be accomplished.

The trial court did not address items 1) and 2) in its Reasons for Judgment. However, Triangle is neither a party to Bass's lease nor a third-party beneficiary of the lease. Therefore, it does not have the right to attack the validity of the lease. *Doland v. ACM Gaming Co.*, 05-427 (La.App. 3 Cir. 12/30/05), 921 So.2d 196, *writ not considered*, 06-797 (La. 6/2/06), 929 So.2d 1239. Furthermore, Triangle's claims are without merit.

Initially, Bass could not accomplish the first two conditions because of an existing billboard on the Bernards' property which had to be removed before DOTD would grant another permit for the construction of a permit on the property. Before the existing billboard was removed, Mr. Bernard signed a new lease with Triangle, which allowed Triangle to obtain a permit and begin construction of a billboard structure before Bass. When a condition is not fulfilled due to the fault of a party not obligated to satisfy the condition, the condition is deemed fulfilled. La.Civ.Code art.

5

1772. Mr. Bernard prevented Bass from fulfilling these two conditions by entering into a lease with Triangle; therefore, they are deemed fulfilled.

The trial court determined that annexation was not an issue because the need for annexation was obviated when the Bernards sold the property to their niece and her husband and Mr. Bernard testified that he would have done the same for Bass. This conclusion is not clearly wrong based on the evidence.

For these reasons, we find no error with the trial court's determination that Bass's lease is valid and enforceable.

### Triangle's Lease

Triangle assigns as error the trial court's finding that its lease is invalid and unenforceable. It contends that its lease with the Bernards and its DOTD permit are valid because it "obtained a valid lease and permit before Bass ever publicly recorded its lease or filed its application for a permit with DOTD." The trial court found mutual error vitiated the parties' consent to Triangle's lease and held the lease invalid.

Louisiana Civil Code Article 1949 provides: "Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." Error which bears on a thing that is "the contractual object" of a contract bears on a cause of the obligation. La.Civ.Code art. 1950.

Triangle wanted to lease the property to construct billboards and generate revenue. Mr. Gerald and Mr. Scott believed that Triangle's lease covered property different from that leased to Bass. Mr. Bernard testified that he wanted to lease the property to provide income for his niece and her husband who later purchased the

6

property. He also testified that he signed Triangle's lease because Mr. Gerald told him Bass's lease was not for the same location it was leasing and Bass could not get a permit for the billboard.

Based on this testimony, there is no error with the trial court's finding that "both parties thought that the Bernard property was available for lease and was not encumbered by the Bass lease" nor its conclusion that mutual error vitiated the Bernards' and Triangle's consent to the lease.

### *Recordation*

The trial court determined that, even if Triangle's lease was valid, Bass's lease primed it because Bass's lease was recorded first in the public records of St. Landry Parish. Triangle argues that the public records doctrine has no bearing in this matter because the Bass lease is unenforceable under DOTD regulations, and Bass failed to perform under the lease. We have already determined that Triangle has no right to complain about Bass's performance under the terms of the lease and need not address this issue again.

With regard to Triangle's claims concerning DOTD regulations, Bass sought an explanation from DOTD as to why its application for a permit was denied. DOTD responded that the permit was denied only because Triangle had already obtained a permit for that location. Wanda Boudreaux, an employee of DOTD's District Four, testified that, if a court determines a permit was issued to a party not legally entitled to it, DOTD cancels that permit and issues a permit to the applicant whose lease is determined to meet DOTD's administrative requirements *and* all legal requirements.

Triangle's lease has been found to be invalid. Bass's lease has been found to be valid, and prior to this litigation, DOTD determined that Bass's lease satisfied its requirements. This argument is without merit.

Triangle also argues that Bass's purchase of the Bernards' rights and interests in their lease with Triangle resulted in Bass losing its rights under the public records doctrine. It cites *Canco, Inc. v. Outdoor Systems Advertising,* 96-559 (La.App. 4 Cir. 9/18/96), 681 So.2d 33, in support of this argument. In *Canco*, the plaintiff purchased real estate which was the subject of an unrecorded outdoor advertising lease. In the act of sale, the plaintiff acknowledged the lease and assumed the obligations of the vendor/lessor. Thereafter, the plaintiff argued that it was a third-party purchaser entitled to rely on the public records doctrine because the lease did not put third parties on notice that the lessee owned the billboard structure, not the lessor. The court held that the plaintiff was not a third party to the lease because it assumed the unrecorded lease when it purchased the real property.

The plaintiff in *Canco* sought to apply the public records doctrine because it wanted to avoid application of the terms of an unrecorded lease. That is not the case here, and the Bernards' assignment did not affect the ranking of the two leases.

### *Disposition*

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Triangle Venture Associates, Inc.

**AFFIRMED.**

8